**NEIL et al. v. PILE et al.**

No. 9568.

Court of Civil Appeals of Texas. San Antonio.

Oct. 17, 1934.

Rehearing Denied Nov. 14, 1934.

Galbraith & Goodrich, of Brownsville, for appellants.

Seabury, George & Taylor, of Brownsville, for appellees.

MURRAY, Justice.

Appellants, Dan Neil, L. C. Brown, H. W. Schneider, and M. G. Taft, instituted this cause of action in the civil district court of Cameron county against appellees, Carlos Zepeda, Claud Macey, H. D. Kirk, and August Weilandt, seeking to set aside a certificate of election issued to appellees declaring them to have been elected directors of the Cameron county water improvement district No. 16, and to have appellants declared elected as such directors.

Upon a hearing of the case, the trial judge sustained challenges to a number of votes and declared the result of the election to be a tie by a vote of seven to seven. Appellants, who were the contestants below, bring this appeal.

The trial judge sustained challenges to twenty votes, because they were cast by persons who presented only 1933 poll tax receipts. The election was held on January 9, 1933, and only persons who held 1932 poll tax receipts were qualified to vote, unless they were exempt from the payment of a poll tax under some provision of the law.

The evidence shows that the presiding judge of the election permitted persons who presented 1933 poll tax receipts to vote, and that these particular twenty voters so voted. The evidence does not show whether or not these voters also possessed 1932 poll tax receipts or whether they were assessed for a poll tax for the year 1931, commonly called the 1932 poll tax, or whether or not they were entitled to vote without the payment of a poll tax under some provision of the law.

We conclude that the evidence was insufficient to support the action of the trial judge in declaring these votes illegal and refusing to count them for appellees. It is quite true that the officers of an election may refuse to permit a voter to vote who does not present a proper poll tax receipt or make affidavit that he has paid same and has lost or misplaced it, or that he is entitled to vote under some provisions of the law without the payment of a poll tax. However, when the officers of an election have permitted a person to vote, the presumption at once arises that such action was proper and that such person is a legal voter. The burden of proof is upon the contestant of an election to prove that a vote is in fact an illegal vote, before he is entitled to have it thrown out and not counted. Proof that these parties only presented 1933 poll tax receipts was not sufficient to establish the fact that they were in fact illegal voters. They may also have possessed 1932 poll tax receipts, or they might have been entitled under the law to vote without the payment of a 1932 poll tax. Kartes v. Fritter (Tex. Civ. App.) 63 S.W. (2d) 389; 16 Tex. Jur. p. 190, § 145.

These votes should have been counted for appellees, which would have given them a substantial majority at such election, regardless of the validity or invalidity of the other votes challenged by appellants.

The above holding renders appellants' assignments of error immaterial.

The judgment of the trial court is reversed, and judgment here rendered for appellees. All costs of this and the court below will be taxed against appellants.

Reversed and rendered.