# WILLOW HOLE INDEPENDENT SCHOOL DIST. v. SMITH et al.

## No. 2059.

Court of Civil Appeals of Texas. Waco.
Dec. 15, 1938.

Rehearing Denied Jan. 19, 1939.

Seale & Seale, of Centerville, for appellant.

Bennett & Bennett, of Normangee, for appellees.

GALLAGHER, Chief Justice.

This suit was instituted by Willow Hole Independent School District against the County Board of Trustees of Madison county and the several members thereof and against G. W. Boswell and two others alleged to be holding themselves out as trustees of Oak Grove Common School District of said county, to have declared null and void an order of said County Board of Trustees "ungrouping and disannexing" said Oak Grove Common School District from said Willow Hole Independent School

District. Appellant alleged that it was a rural high school district, and as ground for the relief sought, that the petitions for ungrouping were not signed by a majority of the qualified voters of each of the elementary districts constituting such rural high school district, as required by law. Appellees denied the latter allegation.

The case was tried to the court and judgment rendered that appellant take nothing by its suit. The trial court filed findings of fact and conclusions of law. No statement of facts is found in the record.

### Opinion.

The judgment rendered by the trial court is based in part on a finding that the petitions for ungrouping, upon which the county school trustees acted, were signed by a majority of the qualified voters of the original Willow Hole Independent School District. Appellant assails such finding by appropriate assignments of error. Willow Hole Independent School District was, prior to the entry of said order, a rural high school district, formed by the grouping for high school purposes of three contiguous school districts. Said rural high school district was created originally by grouping Willow Hole Independent School District and Kickapoo Common School District. Early in the year 1936, the county school trustees made an order including Oak Grove Common School District in said group, thereby forming an enlarged rural high school district, which was thereafter, as theretofore, known and designated as Willow Hole Independent School District.

Petitions requesting that said Oak Grove Common School District be "ungrouped or disannexed" from said Willow Hole Independent School District were, on the 21st day of December, 1936, filed with the county school trustees of said county. Each of said petitions contained recitations that the signers thereof were qualified voters residing in said respective districts. The county school trustees, on said last named day and date, considered said petitions and the sufficiency of the same to support the relief sought, concluded that the same were signed by a majority of the qualified voters in each of the districts affected, and thereupon entered an order ungrouping said Oak Grove District from the other districts then constituting said Willow Hole Independent School District. The original order grouping Willow Hole Independent School District and Kickapoo Common School District to form a rural high school district was apparently left undisturbed. The substance of the findings of the trial court on the specific issues raised by appellant's assignments will be recited in connection with the discussion of the law applicable thereto.

■ Article 2922a, Vernon's Ann.Civ. St., is in part as follows: "Provided that the county school trustees shall have the authority to abolish a rural high school district on a petition signed by a majority of the voters of each elementary district composing the rural high school district and when such district has been abolished the elementary districts shall automatically revert back to their original status * * ". While this statute apparently contemplates that an ungrouping shall dissolve and abolish the rural high school district, we have reached the conclusion that it should not be construed to prevent ungrouping by disannexing one of the elementary school districts from a rural high school, especially in such a case as this, where the elementary district seeking to be ungrouped had been added to the rural high school district by a second grouping order made long after the original high school district was formed.

Apparently it is conceded that the petitions for ungrouping contained the signatures of a majority of the qualified voters in the original Kickapoo and Oak Grove school districts. The controverted issue is whether such petitions contained the signatures of a majority of the qualified voters residing in the original Willow Hole Independent School District, considered as a separate unit of such rural high school district. The court found in this connection that said petitions did contain the signatures of a majority of the qualified voters residing in said original Willow Hole district. The court further found that there were 139 qualified voters residing in said district and listed the name of each of the same; that 78 of the persons included in said list, each of whom was designated by name, signed the petition for ungrouping; that 26 of the persons included in said list of qualified voters and also in the list of the signers of said petitions were over the age of 21 years and under the age of 60 years on the 1st day of January, 1935; that none of said 26 persons had paid a poll tax for said year within the time required by law, but that it was not shown that any of them were not exempt from the payment of a poll tax under the

provisions of Article 7046 of the Revised Statutes. The court was of the opinion that the burden was on appellant, under the facts found as hereinbefore recited, to show that said 26 persons were not qualified voters, and since it had failed to show that such persons were not exempt from the payment of a poll tax, found affirmatively that they were qualified voters residing in said district at the time the county school trustees considered and acted upon said petition to ungroup.

The burden is on the plaintiff in a case to establish his cause of action and his right to recover by a preponderance of the evidence. 17 Tex.Jur. p. 317, sec. 94, and authorities cited in notes thereto. He has the burden of proving the negative where such proof is essential to make out his case. 17 Tex.Jur. p. 323, sec. 97. Such burden remains on him throughout the trial. Appellant, as hereinbefore recited, based its right to the relief sought on the specific allegation that the petitions under consideration herein were not signed by a majority of the qualified voters of each of the constituent districts. The county school trustees received and considered said petitions, held affirmatively that they were signed by such majority, and acted thereon by making and entering the order assailed. The findings of the trial court narrow the issue to an inquiry whether said certain 26 signers, or a majority of them, were qualified voters, and the burden was on appellant to establish by a preponderance of the evidence that they were not. McCormick v. Jester, 53 Tex.Civ.App. 306, 115 S.W. 278, par. 4; Linger v. Balfour, Tex.Civ.App., 149 S.W. 795, pars. 40 and 42; Neil v. Pile, Tex. Civ. App., 75 S.W.2d 899, pars. 1 and 2.

Appellant contends that the fact that said 26 persons were all within the taxable ages and had not paid a poll tax constituted prima facie evidence that they were not qualified voters, and that the same was sufficient to require appellees to show by way of rebuttal that they were exempt from the payment of such tax. Revised Statutes, Art. 2955, which prescribes the qualifications of a voter, provides, in substance, that every person subject to none of the disqualifications enumerated in the preceding Article who shall have attained the age of 21 years and shall be a citizen of the United States and shall have resided in this state for one year and for the last six months in the district or county, shall be deemed a qualified elector, provided that any voter who is subject to pay a poll tax shall have paid the same within the time required by law. Revised Statutes, Art. 7046, which requires the payment of such tax, provides, in substance, that there shall be levied and collected from every person between the ages of 21 and 60 years, Indians not taxed and persons insane, blind, deaf or dumb, or those who have lost one hand or foot or are permanently disabled excepted, an annual poll tax. We note that the right to vote is conferred in general terms on every person who shall have attained the required age, subject only to the requirements as to citizenship and residence, and that the provision requiring the payment of a poll tax is made to apply only to those who are subject to pay such tax and have not done so. We further note that while the levy of a poll tax is made in general terms, certain classes of persons are, in immediate connection with such levy, excepted therefrom. Prima facie evidence of a fact is merely such evidence as suffices for the proof of such fact until contradicted and overcome by other evidence. Dodson v. Watson, 110 Tex. 355, 221 S.W. 771, 772, par. 1, 11 A.L.R. 583; Schallert v. Boggs, Tex.Civ.App., 204 S. W. 1061, par. 8; J. D. Fields & Co. v. Allison, Tex.Civ.App., 171 S.W. 274, par. 9; Reid v. King, Tex.Civ.App., 227 S.W. 960, par. 1; 16 Tex.Jur., p. 190, sec. 145. Since failure to pay a poll tax even by a person within taxable age constitutes a disqualification to vote only when the particular voter is subject to the payment of such tax, mere proof of non payment, without further proof that such payment was required, is, in our opinion, insufficient to constitute prima facie evidence of disqualification. See, in addition to the authorities above cited, Neil v. Pile, Tex.Civ. App., 75 S.W.2d 899, par. 3; Aldridge v. Hamlin, Tex.Civ.App., 184 S.W. 602, par. 1; Kartes v. Fritter, Tex.Civ.App., 63 S. W.2d 389, par. 6; Stewart v. State, 123 Tex.Cr.R. 269, 58 S.W. 519, par. 2.

The judgment of the trial court is affirmed. It is therefore unnecessary to consider or discuss appellees' cross assignments of error.