## HENDERSON v. DEMOCRATIC EXECUTIVE COMMITTEE OF FALLS COUNTY et al.

### No. 2515.

Court of Civil Appeals of Texas. Waco.

Aug. 7, 1942.

Warren H. Henderson, of Marlin, and H. S. Beard, of Waco, for appellant.

T. B. Bartlett, Sr., of Marlin, for appellees.

TIREY and HALE, Justices.

Warren H. Henderson and Felix Smith instituted this suit against the Democratic Executive Committee of Falls County, Texas and its Chairman, seeking to restrain said committee from placing the name of Luman Parton on the official ballot for the second democratic primary election to be held in said county on the 22nd day of August, 1942, as a candidate for representative from the 62nd Legislative district of Texas. Parton, although not made a party to the suit, entered his appearance. Plaintiffs alleged that each was a candidate for the democratic nomination to said office along with Parton in the first primary election held on July 25, 1942; that no candidate received a majority of the votes cast in the first primary, but Parton received the highest number of votes, Henderson received the second highest number of votes and Smith ran third; that Parton was not qualified under the Constitution of Texas to hold the office of representative from the 62nd Legislative district if elected because (a) he would not have been a resident of said district for one year next preceding his election and (b) he was not a qualified elector of Falls County in that he failed to pay a poll tax in said county for the year 1941. Upon motion of plaintiff Smith he was dismissed from the suit. After hearing the evidence, the court denied any relief to plaintiff Henderson and he has attempted to appeal to this court.

Parton testified that he was 43 years of age and that he had resided in Falls County, Texas, all of his life; that in the latter part of December, 1941, he married and went with his wife to Houston in Harris County where she formerly resided; that while he was in Houston, he noticed in the press on January 31, 1942, that such was the last day upon which he could pay his poll tax for the year 1941; that he went immediately to the tax collector's office in Harris County and after explaining his situation to a deputy, he there paid his poll tax for the year 1941 in the sum of $1.75 and took a receipt therefor, which receipt

was offered in evidence and recited that Parton resided in Harris County. There was no evidence adduced upon the trial showing, or tending to show, that the proper officials of Falls County levied any assessments against the residents of that county for the payment of a poll tax for the year 1941.

Article 3, Section 7 of the Constitution of Texas, Vernon's Ann.St., prescribes the qualifications of a representative in the Legislature. It provides, among other things, that no person shall be a representative unless at the time of his election he be a qualified elector of this State and shall have been a resident of the district for one year immediately preceding his election. Article 3, Section 8 of the Constitution also provides that each House shall be the judge of the qualifications and election of its own members, but that contested elections shall be determined in such manner as shall be provided by law.

In the year 1919 the Legislature of Texas enacted a law which is now embraced in Articles 2927, 2928 and 2929 of Vernon's Texas Civil Statutes providing, in substance, that no person who is ineligible to hold an office shall have his name placed upon the ballot at any general, special or primary election and vesting in the district courts authority to issue writs of injunction at the suit of any interested party to enforce the provisions thereof. Appellant relies in part upon these statutory provisions as the basis for the relief sought. On the other hand, appellees assert by motion to dismiss this appeal that insofar as the statutes attempt to vest the courts with jurisdiction to pass upon the qualifications of a member of the Legislature, in the absence of a contested election, they are void because in violation of Article 3, Section 8 of the Constitution.

 Our courts have held that the failure to pay a county poll tax does not constitute prima facie evidence of disqualification as an elector in the absence of evidence that such payment was lawfully required. Willow Hole Ind. School Dist. v. Smith, Tex.Civ.App., 123 S.W.2d 708, error refused; Savage v. Umphres, Tex.Civ. App., 118 S.W. 893; McCharen v. Mead, Tex.Civ.App., 275 S.W. 117. We think the evidence in this case was amply sufficient to warrant the court in finding that Parton had been a resident of Falls County, Texas, continuously all of his lifetime. Therefore, if the court had jurisdiction over the subject matter involved in this suit, we would affirm the judgment appealed from.

However, we have concluded upon the authority of Dickson v. Strickland, 114 Tex. 176, 265 S.W. 1012, that since this case does not involve a contested election, the courts do not have jurisdiction to pass upon the qualifications of Luman Parton as a prospective member of the Legislature of the State of Texas, either at law or in fact, and consequently the attempted appeal is dismissed.

Appellant is allowed two days from this date excluding Sunday in which to file motion for rehearing.

RICE, Chief Justice (concurring).

I concur in the opinion of the majority, except in the holding that the courts do not have jurisdiction to pass upon the qualifications of a candidate for nomination to the office of State Legislator in respect to his right to have his name printed upon the ballot in a primary election.