**Opinion issued March 3, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-00917-CV

————————————

**ARDELL HUDSON, Appellant**

**V.**

**CHARTONI INC. D/B/A THE CARING CIRCLE ADULT DAY CARE CENTER, Appellee**

---

**On Appeal from County Civil Court at Law No. 3**
**Harris County, Texas**
**Trial Court Case No. 1049032**

---

## MEMORANDUM OPINION

Ardell Hudson appeals the trial court's judgment in which it ordered that Hudson take nothing by his claims against Chartoni Inc. d/b/a The Caring Circle Adult Day Care Center ("Caring Circle"). On appeal, Hudson identifies four issues in which he asserts that he was entitled to recover damages from Caring

Circle as a third-party beneficiary of a contract between Caring Circle and the Texas Department of Aging and Disability Services.

We affirm.

## Background

On November 13, 2013, attorney John Benoist sent a letter to Caring Circle. The subject line at the top of the letter stated that it was regarding "adult daycare service." The letter stated as follows:

> I am writing this letter on behalf of Ardell Hudson. Your business, the Caring Circle Daycare, cares for his incapacitated brother, [J.H.]. Mr. Ardell Hudson informs us that your center has refused to pick up his brother daily as required by the services you are to provide under the laws of State of Texas. As a result, Mr. Ardell has expended additional expenses from your unwillingness to follow the terms of your responsibilities to your clients.
>
> Mr. Ardell Hudson has expended a total amount of $2,470.96, primarily in fuel for the purpose of delivering his brother to your facility. At this time, Mr. Ardell Hudson demands payment of that amount to him as reimbursement for his expenses in this regard. Additionally, Mr. Hudson demands that you begin picking up his brother on a daily basis as required under your contract.
>
> If the requested monies are not paid to Mr. Hudson within the next 15 days, I will have no alternative but to recommend that he pursue any and all legal remedies available to him in this matter.

On January 27, 2014, Hudson, acting pro se, filed suit in justice court against Caring Circle. In his "small claims petition," Hudson alleged that Caring Circle

> currently [is] caring for my mentally challenged brother [J.H.]. Your business has refused to pick him up from home since his enrollment. After being cited by the Texas Department of Aging and Disability[,]

2

Services your business has refused to comply with the proper services to my brother which brings [sic] this cause of action.

Under the heading "Relief Requested," Hudson stated, "My demand letter [of November 13, 2013] specified the amount of $2,470.96. There are additional monies of $688.18 making the amount of damages up to the filing date $3,169.14."

On April 21, 2014, the justice court rendered a default judgment against Caring Circle for $2,470.96 in favor of Hudson. Caring Circle appealed to the county court for a de novo review of the justice court's default judgment.

The county court conducted a de novo bench trial on October 22, 2014. Hudson appeared pro se. At the beginning of trial, the trial court informed Hudson that he had the burden of proof and that he would speak first.

With respect to his claims against Caring Circle, Hudson stated: "I have a brother that is fully mentally [challenged]. My sister had him enrolled in the program called Texas Department of Aging and Disability Service." They pay [Caring Circle] for service of my brother. [Caring Circle is] suppose to pick him up, bring him to their facility and administer some medical things."

The trial court asked Hudson if he had power of attorney for his brother, and Hudson said that he did not. The trial court inquired regarding the basis of Hudson's claims against Caring Circle. Hudson indicated that Caring Circle had refused to pick up his brother despite its agreement with the Department of Aging and Disability Service to do so. Hudson claimed that, as a result, he had been

3

driving his brother to Caring Circle's facility five days a week. Hudson told the trial court that he was suing Caring Circle to recover the costs that he had expended to take his brother to Caring Circle's facility. Hudson alleged that he had spent over $3,000 to purchase fuel to drive his brother to Caring Circle.

Caring Circle was not represented by counsel at trial. However, two company representatives, Artencia Raffington and Jillian Raffington, appeared on Caring Circle's behalf. The Raffingtons did not dispute that Caring Circle provided care services to adults with disabilities or that it had agreed to provide care services to Hudson's brother, J.H.

Artencia Raffington informed the trial court that the Department of Aging and Disability Service ("DADS") had asked Caring Circle to develop a transportation policy for Caring Circle's clients. She stated that, pursuant to its transportation policy, Caring Circle had agreed to pick up clients who lived within a 15 mile radius of its facility. Jillian Raffington told the trial court that J.H. was not located within that radius. She said that J.H. lived 19 miles from the facility based on the route that Caring Circle chose to drive to pick up its clients. Hudson disputed this, stating that he had determined his brother lived only 12 miles from Caring Circle.

The trial court indicated on the record that it was aware that Hudson had filed a complaint with DADS regarding Caring Circle's refusal to pick up his

4

brother. The court also indicated it was aware that, as a result of Hudson's complaint, DADS had determined that Caring Circle's refusal to pick up Hudson's brother was in violation of the agreed transportation policy. After hearing from the parties, the trial court concluded that Caring Circle was required to comply with the transportation policy it had agreed to, requiring it to transport Hudson's brother to its facility.

With respect to the monetary claims, the trial court asked Hudson if he had a contract with Caring Circle regarding the transportation of his brother. Hudson stated that he did not have a contract with Caring Circle but claimed, nonetheless, that Caring Circle owed him money to reimburse him for the cost of fuel he had expended to drive J.H. to Caring Circle's facility. Hudson pointed out that Caring Circle had "made a promise" to pick up J.H. The trial court agreed that Caring Circle had violated that promise, but the court also pointed out to Hudson that Caring Circle did not "have a contract with you to pay you money."

No documentary evidence was offered by the parties. At the end of trial, the trial court ruled that Caring Circle was required to arrange for transportation to its facility for J.H. because he lived within a 15-mile radius of Caring Circle's facility. The court also ruled that Hudson could not recover from Caring Circle the money he had expended for fuel to transport his brother.

The trial court signed a judgment on October 22, 2014 in which it ordered that Hudson take nothing against Caring Circle. The trial court also ordered, "[Caring Circle] needs to start picking up patient [J.H.] within ten days of this judgment."

Hudson now appeals the county court's judgment. In his brief, Hudson lists four interrelated issues in which he claims that the evidence was not sufficient to support the portion of the trial court's take-nothing judgment against him.[1] Hudson asserts that the evidence showed that he was entitled to recover damages from Caring Circle because he was a third-party beneficiary of the contract between Caring Circle and DADS. Intermingled with his sufficiency-of-the-evidence discussion, Hudson also complains that the trial court refused to admit certain evidence, which he asserts supports his third-party beneficiary claim.

**Discussion**

On appeal, Hudson asserts that Caring Circle had the burden at trial to show that he was not a third-party beneficiary of the contract between DADS and Caring Circle; that is, Hudson asserts that Caring Circle had the burden to disprove Hudson's claim that he was a third-party beneficiary. We disagree.

Caring Circle appealed the justice court's default judgment to the county court. Once in county court, Caring Circle was entitled to a trial de novo. *See*

---

[1]     Caring Circle did not file a brief.

TEX. R. CIV. P. 506.3 (providing that case appealed from justice court "must be tried de novo in the county court"). "A trial de novo is a new trial in which the entire case is presented as if there had been no previous trial." *Id.*

Here, Caring Circle answered in the county court, filing a general denial. "If a party files a general denial in the trial court, that pleading puts a plaintiff to his or her proof on all issues, including liability." *See Estrada v. Dillon*, 44 S.W.3d 558, 562 (Tex. 2001). As plaintiff, Hudson bore the burden at trial to offer evidence to prove, by a preponderance of the evidence, his third-party beneficiary claim for breach of contract. *See Mobile, Inc. v. Cone*, 457 S.W.2d 175, 176 (Tex. Civ. App.—Tyler 1970, writ ref'd n.r.e.) (noting that plaintiff has burden to establish his alleged cause of action against defendant by legal and competent evidence); *Willow Hole Indep. Sch. Dist. v. Smith*, 123 S.W.2d 708, 710 (Tex. Civ. App.—Waco 1938, writ ref'd) (stating that burden resting on plaintiff to establish his cause of action by preponderance of the evidence remains on him throughout the trial).

Courts should presume that an agreement confers no third-party-enforcement rights unless it clearly appears that the contract intends that the third party benefit, to the point of suing upon the contract. *Abarca v. Scott Morgan Residential, Inc.*, 305 S.W.3d 110, 120 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). A contract does not confer third-party beneficiary rights unless (1) the

contract plainly expresses the third-party obligation of the bargain-giver, (2) it is unmistakable that a benefit to the third party is within the contemplation of the primary contracting parties, and (3) the primary parties contemplate that the third party would be vested with the right to sue for enforcement of the contract. *Id.*

In his brief, Hudson asserts that the evidence established he was an intended third-party beneficiary of the contract between DADS and Caring Circle to provide care for J.H. Although it is not entirely clear from his brief, Hudson appears to complain that the trial court's refusal to find that he was a third-party beneficiary is not supported by legally or factually sufficient evidence. To successfully challenge the legal or factual sufficiency of the evidence on an issue on which he had the burden of proof, Hudson must show, respectively, that the evidence conclusively established the opposite of the trial court's finding or that the court's finding was so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. *See Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241–42 (Tex. 2001).

We begin by noting that, although it appears undisputed that Caring Circle agreed to provide care for J.H., no contract between Caring Circle and DADS was admitted into evidence at trial. Instead, Hudson points to three letters attached to his brief as evidence establishing he was a third-party beneficiary of the contract between DADS and Caring Circle. Each letter is accompanied by an affidavit,

8

signed by Hudson. In the affidavits, Hudson claims that he offered the letters to the trial court but the court refused to admit the letters into evidence. Hudson also avers that the county clerk "misplaced" at least one of the letters.

One of the letters attached to Hudson's brief was sent by a DADS representative to Hudson. The letter, dated August 23, 2013, indicates that DADS investigated Hudson's complaint regarding Caring Circle's refusal to provide transportation for J.H. The letter indicates that, during its investigation of Caring Circle's facility, DADS "determined that rules or laws were violated at the time of the on-site visit; therefore, DADS intends to issue citations and may impose other sanctions, as appropriate."

Another letter, dated September 5, 2013, was sent by Caring Circle to Hudson. In the letter, Caring Circle acknowledged that it had not been transporting J.H. to its facility. The letter indicated that Caring Circle had not been picking up J.H. for two reasons. Caring Circle stated that it was a new business with limited funding, and it had believed J.H. lived outside the 15-mile radius in which it had agreed to pick up its clients. Caring Circle stated in the letter that, as a result of the DADS complaint filed by Hudson, it had made arrangements to transport J.H. to its facility.

The third letter was undated and written by Hudson's sister, Mary Anderson; it was addressed "to whom it may concern." In the letter, Anderson stated that she

was J.H.'s guardian, that Caring Circle "went back on its promise" to transport J.H., and that she had given Hudson permission to transport J.H. to Caring Circle.

Hudson acknowledges that the letters attached to his brief do not appear in the record; however, he complains that that the trial court "did not allow any evidence pertaining to [my] case." Hudson asserts that he intended to offer evidence to support his claim when the trial court asked him why Caring Circle owed him money. To that question, Hudson had responded, "I'm a third party. [J.H.] was staying with me at the time and I was taking him up there." The trial court then stated, "Get to the part where they owe you money." Hudson responded, "This is what [DADS] said that [Caring Circle] was supposed to do."

On appeal, Hudson claims that he did not offer evidence to support his claim at that time because the trial court "interrupted" him when it stated, "Get to the part where they owe you money." In his brief, Hudson indicates that he did not respond to the "interruption" "out of respect to the court."

In his affidavit attached to his brief, Hudson intimates that he offered the August 26, 2013 letter from DADS into evidence. He claims that the trial court "fail[ed] to accept [the letter] as evidence." He further intimates that Caring Circle's letter, dated September 5, 2013, was also offered into evidence but claims that it was misplaced by the county clerk.

From the remarks made during trial, it appears that the trial court was aware that Hudson had filed a complaint with DADS regarding Caring Circle's refusal to pick up J.H. and that DADS had found Caring Circle to be in violation of its duty to provide transportation to J.H. However, nothing in the record shows that Hudson offered the letters into evidence. Although he claims that the trial court prevented him from offering evidence and that the county clerk lost his filings, the fact remains that the appellate record does not show that Hudson made any attempt to introduce the letters into evidence. For this reason, we conclude that Hudson did not preserve any complaint on appeal that the trial court improperly excluded the letters that he now attaches to his appellate brief as evidence to support his claim that he was a third-party beneficiary. *See* TEX. R. APP. P. 33.1; *Badall v. Durgapersad*, 454 S.W.3d 626, 642 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) (holding that party failed to preserve complaint that trial court erroneously excluded evidence of settlement agreement by never offering settlement agreement for admission into evidence); *see also Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 185 (Tex. 1978) ("Litigants who represent themselves must comply with the applicable procedural rules, or else they would be given an unfair advantage over litigants represented by counsel.").

We do not consider documents attached to briefs but not contained in the appellate record. *Samara v. Samara*, 52 S.W.3d 455, 456 n.1 (Tex. App.—

11

Houston [1st Dist.] 2001, pet. denied); *Till v. Thomas*, 10 S.W.3d 730, 733 (Tex. App.—Houston [1st Dist.] 1999, no pet.). Thus, we do not consider the affidavits and letters attached to Hudson's brief as evidence to show that he established his third-party beneficiary claim.[2]

Hudson cites no other evidence to show that he established his claim that he was a third-party beneficiary of a contract between Caring Circle and DADS. We hold that Hudson has not shown that the evidence was legally or factually insufficient to support the trial court's take-nothing judgment against him. *See Dow Chem.*, 46 S.W.3d at 241.

We overrule Hudson's four issues.

## Conclusion

We affirm the judgment of the trial court.

Laura Carter Higley
Justice

Panel consists of Chief Justice Radack and Justices Keyes and Higley.

---

[2] In any event, even if we were to consider them, the letters do not establish the requisites necessary to establish a third-party beneficiary claim. The letters indicate that Caring Circle had violated its agreement to transport J.H. to its facility, but the letters do not indicate that DADS and Caring Circle had entered into a contract to confer a direct benefit on Hudson. *See MCI Telecomms. Corp. v. Tex. Utils. Elec. Co.*, 995 S.W.2d 647, 651 (Tex. 1999) ("The intention to contract or confer a direct benefit to a third party must be clearly and fully spelled out or enforcement by the third party must be denied.").