## HOGG v. WADDELL.

### No. 2571.

Court of Civil Appeals of Texas. El Paso. Oct. 1, 1931.

Rehearing Denied Oct. 15, 1931.

C. W. Tate, of Odessa, and G. W. Dunaway, of Midland, for appellant.

Russell & Starley, of Pecos, for appellee.

HIGGINS, J.

This is an election contest brought by the appellee against appellant Gilbert D. Hogg, and involves the office of county commissioner for precinct No. 3, Winkler county.

At the general election held in November, 1930, four votes were cast for the appellant, and three votes cast for the appellee. Certificate of election was thereafter issued to appellant by the commissioners' court of the county. The case was tried without the aid of a jury, and judgment rendered in favor of the contestant. Separate findings were not filed, but recitals in the judgment disclose that the court found that Mr. and Mrs. George Hogg, who voted for appellant, were not qualified voters. The record does not disclose upon what theory the court based this finding, and so it must be sustained by this court if any phase of the evidence supports the same.

Appellant attacks the finding, but the evidence very clearly supports the view that Mr. and Mrs. George Hogg were residents of Ward county, rather than Winkler county. We will not undertake to detail the evidence at length, for it would serve no good purpose to do so. Suffice it to say that about the only evidence supporting the view that they were residents of Winkler county is the testimony of Mr. Hogg to the effect that he considered his ranch in Winkler county as his home. Mrs. Hogg did not testify.

As opposed to this, the evidence shows that for many years Mr. and Mrs. Hogg have had a home in the town of Monahans in Ward county, and spent practically all of their time there; they sent their children to school there; school census blanks executed in 1929 and 1930 by Mrs. Hogg, in which she swore she was a resident of school district No. 2 in Ward county; poll tax receipt issued to Mr. Hogg on January 9, 1930, stated he resided at Monahans, precinct No. 2, and had resided in the city and county for twenty-five years. Testimony of various witnesses appeared in the record, from which the inference is plainly deducible that Mr. and Mrs. Hogg were residents of the town of Monahans.

The question of intention is frequently important in determining the residence of a voter, but intention, as testified to by the voter, is not necessarily controlling.

In this case, we must assume the trial judge found as a fact that Mr. and Mrs. George Hogg were in fact residents of Monahans in Ward county, and the evidence, as we view it, clearly supports this finding, and this court would not be justified in disturbing the same. Hill v. Mays (Tex. Civ. App.) 278 S. W. 919; Marsden v. Troy (Tex. Civ. App.) 189 S. W. 960; Garvey v. Cain (Tex. Civ. App.) 197 S. W. 765.

At the election in question, the contestant voted for himself. Appellant challenges the qualification of contestant as a

voter upon the theory that he had not resided in Winkler county for six months prior to the election. The court, however, found that contestant was a qualified voter. The testimony shows that prior to the 8th day of February, 1930, Waddell's wife and children lived in Midland county. Upon that date, his wife died. He still owns a home in Midland where he has a housekeeper to take care of his children, and they attend school in Midland. Waddell testified that since the death of his wife his residence has been on the ranch in Winkler county, and that he has slept there four-fifths of the time. Upon this phase of the case, the question of Waddell's intention is material. The evidence would have warranted the trial court in finding that Waddell was not a resident of Winkler county, and, if such finding had been made, it would have been the duty of this court to uphold the same; but the evidence also supports the view that Waddell was a resident of Winkler county and had resided there since the death of his wife. Article 2958, Revised Statutes, and cases cited above.

Upon this view, it follows that appellant's second proposition is without merit.

The third proposition is not within the scope of the issues presented by the pleading, and presents nothing for review. Article 3047.

If the issue were properly before us, we would nevertheless be of the opinion the same presented no error.

Affirmed.