## STRATTON v. HALL.

### No. 3377.

Court of Civil Appeals of Texas. El Paso.

Jan. 16, 1936.

Rehearing Denied Feb. 13, 1936.

Meador & Meador, of Dallas, for appellant.

L. A. Dale, of Pecos, for appellee.

PELPHREY, Chief Justice.

An election was held on July 12, 1935, to elect a commissioner of commissioner's precinct No. 2 of Loving county, Tex. Appellant and appellee were the only candidates. The returns of the election were canvassed by the commissioners' court of Loving county on July 15, 1935, and it being found that appellee had received fourteen votes and appellant eighteen votes, appellant was declared elected and a certificate of election issued to him.

On July 18, 1935, appellee served written notice on appellant of his intention to con-

test the said election, setting forth as grounds for such contest that eight illegal votes were cast and counted for appellant. Appellant demurred generally and specially to appellee's petition, generally denied the allegations thereof, and answered specially as to certain portions of the petition.

Upon a hearing before the court, judgment was rendered declaring the eight contested votes to have been illegal, canceling the certificate of election issued to appellant, and declaring appellee to have been duly and legally elected. The judgment was ordered certified to the commissioners' court of Loving county, and this appeal followed.

## Opinion.

Appellant's five assignments of error question the correctness of the trial court's action in overruling his general and special exceptions to appellee's petition in concluding that the votes of Mr. and Mrs. Clifford Ramsey, James Hopper, Jr., O. F. Sherer, Mrs. B. Ramsey, and Mrs. E. L. Stratton, Sr., were illegal for failure to comply with the provisions of the absentee voter's statute, and in finding that F. C. Rutledge, Mrs. Addie Rutledge, James Hopper, Jr., and O. F. Sherer were not residents of commissioner's precinct No. 2 of Loving county, Tex., on the day of the election.

We find nothing in the record before us showing any action on the special exceptions; therefore, appellant will be held to have waived the right to urge the objections embodied in them here. 3 Tex.Jur. § 153, p. 231, and cases cited.

The record is in the same condition as to the general demurrer and the objections here urged being such as could have been cured by amendment, appellant's failure to have the court act thereon will be considered a waiver. Dowlin v. Boyd (Tex.Com.App.) 291 S.W. 1095.

We are of the opinion that the evidence supports the finding that T. C. Rutledge and Mrs. Addie Rutledge were not residents of precinct No. 2 at the time their votes were cast.

Article 2958 defines the "residence" of a married man, within the meaning of the election laws, to be where his wife resides, unless he be permanently separated from her, and his residence is considered to be in that place unless a contention is made that he resides elsewhere. 16 Tex. Jur. § 39, p. 48. When a contention is made that a married man's residence is in some place other than where his wife resides, the question must be determined by reference to the actual facts and circumstances; one of which will be his intention.

Where the facts and circumstances, or the expressed or implied intention, shows that a voter has left his former residence and has moved to a new residence with the intention of remaining there, he will be held to have lost his former residence. 16 Tex.Jur. § 41, pp. 48 and 49; McCharen v. Mead (Tex.Civ.App.) 275 S.W. 117; Wright v. Marquis (Tex.Civ.App.) 255 S. W. 637.

While declarations of voters are generally admissible to show residence, such declarations are not controlling if the actual facts and circumstances justify a contrary conclusion. McCharen v. Mead, supra; Hogg v. Waddell (Tex.Civ. App.) 42 S.W.(2d) 488.

Mrs. Rutledge left Loving county and went to San Angelo almost a year before the election here contested; she rented a house there. Mr. Rutledge left in March, 1935, and went to his brother's place. He leased a place in Irion county from his mother for a period of three years and was living there with his family at the time of the election as well as the time of trial. He had written a letter to the presiding judge of a former election claiming his right to vote because he had more property in Loving county than in any other and could not vote any other place. In this letter he admitted that he and his wife had lived in two other counties after leaving Loving county. It further appears that the house in which they had lived in precinct No. 2 had been sold. These facts, we think, clearly justified the trial court in concluding that they had established a residence in Irion county, notwithstanding the expressed intention of Rutledge to return to Loving county. The evidence is also sufficent to support the finding of the trial court as to an abandonment of their residences in Loving county by James Hopper, Jr., and O. F. Sherer.

Clifford Ramsey, Mrs. B. Ramsey, and Mrs. E. L. Stratton, Sr., all voted absentee ballots, and appellant contends that their ballots should be disregarded because they failed to comply with the provisions of article 2956, as amended by chapter 300 of the Acts of the 44th Legislature (Vernon's Ann.Civ.St. art. 2956).

The contention of appellant is that the provisions of such article are ·merely directory and that a failure to comply with them should not be used to disfranchise voters. With such contention we agree. It appears to be well settled that in the absence of a statute prohibiting the counting of ballots because of irregularities either in preparing or casting, and in the absence of fraud or of a showing that the returns were changed or tampered with, ballots cast by qualified voters should be counted. Hooker et al. v. Foster et al. (Tex.Civ. App.) 19 S.W.(2d) 911; Ramsay v. Wilhelm (Tex.Civ.App.) 52 S.W.(2d) 757 (writ refused).

The result of the above holdings is to leave both appellant and appellee with fourteen votes, thereby rendering it impossible to ascertain the true result of the election.

The judgment of the trial court declaring appellee elected is reversed, and judgment here rendered cancelling the certificate of election issued appellant; .declaring the election void and, in accordance with the provisions of article 3054, R.S., ordering the county judge of Loving county, after proper notice, to call an election for commissioner of precinct No. 2, Loving county, Tex.