THE ATTORNEY GENERAL
OF TEXAS
AUSTIN 11, TEXAS


Grover Sellers

~~JOHN BEN SHEPPERD~~
ATTORNEY GENERAL

Honorable Ben J. Dean
District Attorney
90th Judicial District of Texas
Breckenridge, Texas

Dear Sir:                          Opinion No. 0-7069

Re: Absentee voting by veterans un-
der the provisions of Art. VI,
Sec. 2a, Constitution of Texas,
and Art. 2956, Revised Civil
Statutes of Texas

We have your recent request for an opinion which reads in part as follows:

"Article 2956 R.S. with reference to absentee voting, provides in sub-division 2 thereof that an elector who de- sires to vote by absentee ballot shall make an application which shall 'be accompanied by the poll tax receipt or ex- emption certificate of the elector.'

"Since a man recently in service is not required to secure an exemption and the tax assessor-collector should not issue one I should like to ask you the following question:

"When a service man whose rights to vote is secured by the constitutional amendment Section 2a, Article VI of the Texas Constitution, desires to vote by absentee ballot, in what manner is he to proceed in order to get an absentee ballot, since he does not have an exemption to send with his application for such ballot?"

In our Opinion No. 0-7034, copy of which is enclosed here- with, we carefully considered the effect of Art. VI, Sec. 2a, of the Con- stitution upon prior election laws, pointing out that this constitutional amendment was adopted after the last session of the Legislature and that therefore the Legislature has not amended the old election statutes since its adoption. In that opinion, although we did not discuss absentee voting, we held that a person who comes within the terms of the constitutional amendment, and who is otherwise a qualified voter, is entitled to vote even though he has not paid a poll tax and has not obtained a certificate of ex- emption, and even though his name does not appear on the list of voters prepared by the tax collector. We further held in that opinion that if a person who comes within the terms of the constitutional amendment, and who is otherwise a qualified voter, shows <u>by his own oath</u> that he is a

qualified voter, the election judges cannot legally refuse to accept his vote. In discussing this question, we said:

"Such a person is entitled to vote 'in any election held under the authority of the laws of this State, during the time the United States is engaged in fighting a war, or within one year after the close of the calendar year in which said war is terminated,' if he shows by his own oath (and in a city or town of 10,000 or more inhabitants, by the oath of a well-known resident):

"1. That at the time of the holding of such election he is, or within 18 months immediately prior to the time of holding such election was, a member of the armed forces of the United States or of the Armed Force Reserve of the United States, or of any branch or component part of such armed forces or Armed Force Reserve, or the United States Maritime Service or the United States Merchant Marine; and

"2. That he is subject to none of the disqualifications stated in Art. VI, Sec. 1, of the Constitution of Texas; and

"3. That he has attained the age of twenty-one years and is a citizen of the United States and has resided in this State one year next preceding such election and the last six months within the district or county in which such person offers to vote."

Art. 2956, Revised Civil Statutes of Texas, provides in part as follows:

"Subdivision 1. Any qualified elector of this State who is absent from the county of his residence, or because of sickness or physical disability can not appear at the poll place in the election precinct of his residence, on the day of holding any general, special, or primary election, may, nevertheless, cause his vote to be cast at such an election in the precinct of his residence by compliance with one or other of the methods hereinafter provided for absentee voting.

"Subdivision 2. Such elector shall make application for an official ballot to the county clerk in writing signed by the elector, or by a witness at the direction of said elector in case of latter's inability to make such written application because of physical disability. Such application shall be accompanied by the poll tax receipt or exemption certificate of the elector, or, in lieu thereof, his affidavit in writing that same has been lost or mislaid. If the ground of

application be sickness or physical disability by reason of which the elector can not appear at the polling place on election day, a certificate of a duly licensed physician certifying as to such sickness or physical disability shall accompany the application.

"Subdivision 3. At any time not more than twenty (20) days, nor less than three (3) days, prior to the date of such an election, such elector making his personal appearance before the county clerk of the county of his residence at his office and delivering to such clerk his application aforesaid, shall be entitled to receive from said clerk one official ballot which has been prepared in accordance with law for use in such election, which ballot is then and there, in the office of said clerk of said county, and in the presence of said clerk and of no other person, except the witness who is authorized to assist elector in certain cases as hereinafter provided, to be marked by the elector, or by said witness in case of physical disability of elector, so as to conceal the marking, and same shall, in the presence of the clerk, be deposited in a ballot envelope furnished by said clerk, which envelope shall bear upon the face thereof the name, official title and post office address of such county clerk, and upon the other side a printed affidavit in substantially the following form, to be filled out and signed by the elector; provided, however, that in case of the physical disability of elector preventing him from filling out and signing such affidavit, then the witness who assisted the elector in marking his ballot shall fill out and sign affidavit for and in behalf of elector and shall also sign his, witness' name as prescribed in the following form:

"State of _____

"County of _____

"I, _____, do solemnly swear that I am a Resident of Precinct No. _____, in _____ County, and am lawfully entitled to vote at the election to be held in said precinct on the _____ day of _____, 19_____; that I am prevented from appearing at the polling place in said Precinct on the date of such election because of (illness), (physical disability), (or because of absence from County), _____, (elector to signify one of foregoing reasons) that the enclosed ballot expresses my wishes, independent of any dictation or undue persuasion of any person; that I did not use any

memorandum or device to aid me in the marking of said ballot.

"Signature of elector

"By: _____
Name of witness who assisted
elector in event of physical disability.

"Subdivision 4. At any time not more than twenty (20) days, nor less than three (3) days prior to the date of such an election, such elector who makes written application for a ballot as provided for in Subdivision 2 hereof, shall be entitled to have his ballot cast at such an election on compliance with the following provisions:

"The application, including fifteen cents (15¢) to cover postage, shall be mailed to the County Clerk of the elector's residence whose duty it shall be forthwith to mail to such elector a blank official ballot and ballot envelope as provided in Subdivision 3, which ballot shall be marked by elector, or by witness at the direction of said elector in case of the latter's inability to mark such ballot because of physical disability, in the presence of a Notary Public or other persons qualified under the law to take acknowledgments, and in the presence of no other person except said witness and/or such officer, and in such manner that such officer cannot know how the ballot is marked, and such ballot shall then in the presence of such officer be folded by the elector or by said witness in case of physical disability of said elector, deposited in said envelope, the envelope securely sealed, the endorsement filled out, signed and sworn to by the elector, or in case of physical disability, then by the said witness for and in behalf of said elector, and certified by such officer and then mailed by said officer, postage prepaid, to the County Clerk.

"Subdivision 5. Upon receipt of any such ballot sealed in its ballot envelope duly endorsed, the clerk shall keep the same unopened until the second day prior to such election, and shall then enclose same together with the elector's application and accompanying papers, in a larger or carrier envelope which shall be securely sealed and endorsed with the name and official title of such clerk, and the words 'this envelope contains an absentee ballot, and must be opened only at the polls on election day,' and the clerk shall forth-

with mail same, or deliver it in person, to the presiding judge of election, or to any assistant judge of election, in said precinct.

"And ballots mailed out by the county clerk within the legal time, but not received back by him on or before the third day prior to the election on the day of election, shall not be voted, but shall remain in the custody of the county clerk during the thirty (30) day period provided in Subdivision 6.

"Subdivision 6. On the day of such election, and in the presence of the election officers, and the supervisors, if any, one of the judges of election shall, between the hours of 2:00 and 3:00 o'clock open the carrier envelope only, announce the elector's name and compare the signature upon the application with the signature upon the affidavit on the ballot envelope. In case the election board finds the affidavits duly executed, that the signatures correspond, that the applicant is a duly qualified elector of the precinct, and that he has not voted in person at said election, they shall open the envelope containing the elector's ballot in such manner as not to deface or destroy the affidavit thereon, take out the ballot therein contained without permitting same to be unfolded or examined and having endorsed the ballot in like manner as other ballots are required to be endorsed, deposit the same in the proper ballot box and enter the elector's name in the poll list the same as if he had been present and voted in person. If the ballot be challenged by any election officer, supervisor, party challenger, or other person, the grounds of challenge shall be heard and decided according to law, including the consideration of any affidavits submitted in support of or against such challenge. If the ballot be admitted, the words 'absentee voter' shall be set down opposite the elector's name on the poll list. If the ballot be not admitted, there shall be endorsed on the back thereof the word 'rejected,' and all rejected ballots shall be enclosed, securely sealed, in an envelope on which words 'rejected absentee ballots' have been written, together with a statement of the precinct and the date of election, signed by the judges and clerks of election and returned in the same manner as provided for the return and preservation of official ballots voted at such election. In all cases, the application poll tax receipt or exemption certificate, ballot envelope and the affidavits and certificates accompanying same shall be returned by the officers of election to the county clerk who shall keep all such papers except poll tax receipts and exemption certificates for one (1) year and shall return poll tax receipts and exemption certificates to the voter at any

time after the same have been returned to him except in case of challenge when such poll tax receipts and exemption certificates shall be held thirty (30) days and as much longer thereafter as any Court or reviewing authority may direct.

" * * *

"Subdivision 10. The county clerks, their deputies and officers acting under this Article shall be considered as judges or officers of election within the scope of Articles 215 to 231, inclusive, of the Penal Code of Texas, and all amendments thereto, and be punishable as in said Articles respectively, provided in the case of judges or officers of election." (Emphasis supplied)

Your request presents the problem of determining the effect of the constitutional amendment upon the above-quoted provisions of Art. 2956. Although we have found no court decisions construing the constitutional amendment, the decisions hereinafter discussed illustrate the liberality with which the courts have interpreted the provisions of Art. 2956.

In the case of Stratton v. Hall, 90 S.W. (2d) 865 (El Paso Civ. App. 1936), it was held that absentee ballots could not be disregarded because of non-compliance with Article 2956. In its opinion, the Court said:

"It appears to be well settled that in the absence of a statute prohibiting the counting of ballots because of irregularities either in preparing or casting, and in the absence of fraud or of a showing that the returns were changed or tampered with, ballots cast by qualified voters should be counted. Hooker et al. v. Foster et al. (Tex. Civ. App.) 19 S.W. (2d) 911; Ramsay v. Wilhelm (Tex. Civ. App.) 52 S.W. (2d) 757 (writ refused)."

In Lee v. Whitehead, 182 S.W. (2d) 745 (San Antonio Civ.App. 1944) it was held that an absentee ballot was properly counted, although not accompanied by the required application and affidavit of the voter as required by Article 2956, where it was apparent that such omission was due to no failure on the part of the voter.

In State v. Martin, 186 S.W. (2d) 111 (Amarillo Civ. App. 1945), the Court said:

"Article 2956 of the statutes contains provisions for absentee voting and regulations governing the same. . . . The detailed allegations contained in plaintiff's petition alleged noncompliance with a number of these provisions.

The statute does not provide that in the case of violation
of any of the provisions alleged by appellant the ballots
shall not be counted. . .

". . . Should the Legislature in its wisdom see fit
to provide that for any or all of such irregularities as
alleged by appellant, an absentee ballot otherwise valid,
should not be counted, that is within its province, but
the courts of Texas have throughout the years liberally
construed the statutory regulations affecting the right
of a voter freely to cast his vote in the expression of his
free choice at an election and, in the absence of statu-
tory command, will not disfranchise him."

It should be noted that subdivision 10 of Art. 2956, quoted
above, provides that county clerks shall be considered as election judges
within the scope of Arts. 215 to 231, inclusive, of the Penal Code of Texas.
Art. 217, Penal Code of Texas, which is one of the statutes referred to,
provides that:

"Any judge of any election who shall refuse to re-
ceive the vote of any qualified elector who, when his vote
is objected to, shows by his own oath that he is entitled
to vote, or who shall refuse to deliver an official ballot
to one entitled to vote under the law, or who shall wilful-
ly refuse to receive a ballot after one entitled to vote has
legally folded and returned same, shall be fined not to ex-
ceed five hundred dollars."

In our opinion, the constitutional amendment nullifies and
renders inapplicable, as to persons who qualify thereunder, all provi-
sions of Art. 2956 relating to poll tax receipts and exemption certifi-
cates. Otherwise, the amendment would be meaningless and of no ef-
fect. Furthermore, it is clear from the cases cited above that failure
to comply with all of the terms of this statute will not disfranchise a
qualified voter.

If a person swears falsely as to his qualifications, or votes
when he knows that he is not a qualified voter, or votes more than once,
he is subject to criminal prosecution. Arts. 232, 234, 236, and 241, Penal
Code of Texas. And, upon the trial of a contested election, fraudulent
votes are not counted. Art. 3053, Revised Civil Statutes of Texas.

In our opinion, an absentee ballot cast by a person who quali-
fies under the constitutional amendment may be counted although not ac-
companied by a poll tax receipt, an exemption certificate, or an affidavit.
However, the voter, in order to preclude any question as to his qualifica-
tions, may submit an affidavit, or statement under oath, setting forth his
qualifications. In the absence of such a statement, neither the county

clerk nor the election judges, in case of challenge, would be legally bound to accept the ballot. But if the voter's statement under oath shows that he is entitled to vote, his ballot must be accepted; and refusal to receive it would violate Art. 217 of the Penal Code of Texas.

We see no legal objection to the use of a printed affidavit form containing the required information, which could be submitted by the voter with his application or with his ballot and transmitted by the county clerk to the election officials.

Approved Feb 23, 1946

/s/ Grover Sellers

Attorney General of Texas

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Raymond A. Lynch
Raymond A. Lynch
Assistant

RAL:jt/cm

enclosure

Approved

Opinion
Committee

By /s/ BWB
Chairman