statutes do not require that a voter shall have resided six months within a precinct of a county to be eligible to vote, but that the six months requirement is complied with if the voter has resided such time within the county.

We quote from Opinion No. 2116 of this Department, dated July 16, 1919, as follows:

"If a voter has in fact moved into a new precinct within the same county, in good faith to reside in such precinct and to acquire a residence therein, such voter is entitled to vote at any general election held subsequent to his acquiring his new residence as aforesaid."

In view of the foregoing, you are respectfully advised that it is the opinion of this Department that a person may vote in a special election such as a local option election, who has moved into the precinct immediately before the election, on his own statement that he is a legal resident of the precinct, provided he has his poll tax receipt or certificate of exemption, if required by law, and is otherwise a qualified voter; and provided further that the facts and circumstances are such as would make him a legal resident of that particular precinct; one of which is his intention at the time he moved into such precinct. Linger vs. Balfour, 149 S.W. 803; Garvey vs. Cain, 197 S.W. 765.

However, there is an exception to this general rule when the person who is offering to vote lives in a city of 10,000 inhabitants or more. Then he must comply with Articles 2966 and 2967, V.C.S., which are as follows:

"Art. 2966. Removal to another ward.

"If a citizen in a city of ten thousand inhabitants, after receiving his poll tax receipt or certificate of exemption, removes to another ward in the same city before the next election, he may vote at any general election in the ward of his new residence by presenting his poll tax receipt or certificate of exemption to the precinct election judges, or by making affidavit that it has

been lost or misplaced; which affidavit
shall be left with the judges and for-
warded with the election returns.  But
in all such cases if the removal was to
the ward of his new residence in the same
city before the certified list of voters
was delivered to the precinct judges, he
shall appear before the tax collector not
less than five days before such election
or primary election and obtain a corrected
receipt or certificate; and his name shall
be added to the list of voters for the
precinct of his new residence; and he
shall not vote in that event unless his
name appears on the certified list of
voters."

"Art. 2967.  Removal to another county
            or precinct.

"If a citizen after receiving his
poll tax receipt or certificate of ex-
emption, removes to another county or to
another precinct in the same county, he
may vote at an election in the precinct
of his new residence in such other county
or precinct by presenting his poll tax
receipt or certificate of exemption or
his affidavit of its loss to the precinct
judges of election, and state in such af-
fidavit where he paid such poll tax or
received such certificate of exemption,
and by making oath that he is the identi-
cal person described in such poll tax re-
ceipt or certificate of exemption, and
that he then resides in the precinct
where he offers to vote and has resided
for the last six months in the district
or county in which he offers to vote and
twelve months in the State.  But no such
person shall be permitted to vote in a
city of ten thousand inhabitants or more,
unless he has first presented to the tax
collector of his residence a tax receipt
or certificate, not less than four days
prior to such election or primary elec-
tion or made affidavit of its loss and
stating in such affidavit where he paid
such poll tax or received such certificate

of exemption; and the collector shall there-
upon add his name to the list of qualified
voters of the precinct of his new residence;
and, unless such voter has done this and his
name appears in the certified list of voters
of the precinct of his new residence, he
shall not vote."

Your Question No. 2 is as follows:

"2. In case of service men or women
entitled to vote without poll tax, are they
required to make any showing as to whether
they live in the precinct?"

This question, we think, is answered in Opin-
ion No. 0-7034 of this Department dated January 17, 1946,
in the answers to questions 7 and 8 therein, a copy of
which is herewith enclosed. In this opinion this De-
partment ruled that such persons were entitled to vote
without being included on the certified lists of voters
prepared by the tax assessor and collector; that the
judges could require them to show by their own oaths
(and if in a city or town of 10,000 or more inhabitants,
by the oath of one well known resident) that they were
qualified to vote and that the election officials could
not require more.

Your Question No. 3 is as follows:

"3. If a person actually resides in
a precinct one night preceding the election
by merely staying in it overnight, and does
not move his household goods, etc., and then
returns to his usual residence in some other
precinct, is he subject to prosecution for
voting in the election?"

Here we are faced with a question of fact.
You state that the person actually resides in a pre-
cinct one night, yet at the same time you say he did
not move his household goods, etc. The facts on their
face are not consistent with moving to a new residence
with a bona fide intent of making it his permanent
residence.

As stated by Justice Norvell in the case of
McBride vs. Cantu, reported in 143 S. W. (2) 126, we
find the following:

"The testimony of a witness as to his intention is, of course, not necessarily controlling. It is, however, an element which may be considered by the authority authorized to determine fact issues - the jury or the trial judge.

"In our opinion the correct rule is stated in Stratton vs. Hall, Tex. Civ. App., 90 S.W. (2) 865, 866, by the El Paso Court of Civil Appeals, wherein it was held that although the declaration of a voter as to his intention is not controlling, it is an element which may be considered. In other words, the question of the residence of a married person for voting purposes under Article 2958, is one which must be determined by reference to the actual facts and circumstances; one of which will be his intentions.'"

Therefore, since your question is one of fact, this Department cannot pass upon the same.

Question No. 4 of your request is as follows:

"4. Is there a different regulation for voters of rural and city precincts, as to their qualifying to vote in a precinct into which they have moved? Are both required to make affidavit that they have removed to the precinct where they offer to vote? Is there a time limit for either or both, preceding the election? What is it?"

In answer to this question and in view of the foregoing authorities, it is the opinion of this Department that there is not a different regulation for voters of rural and city precincts, as to their qualifying to vote in a precinct into which they have moved unless the city in which they are voting is one which has a population of more than 10,000 inhabitants.

In either instance the voter must make an affidavit that he has removed to the precinct where he offers to vote if required to do so by the election judges

In the case of Yett vs. Cook, reported in 281 S.W. 839, Chief Justice Cureton said:

"The purity of the ballot in Texas has been safeguarded by many constitutional and statutory provisions. Const. art. 16, § 2; article 6, §§ 4, 5, 2; article 7, § 3. See, generally, also, Revised Statutes 1925, arts. 2954 to 3173, and Pen. Code 1925, art. 206 to 280.

"Among other provisions having for their purpose the purity of the ballot are those relating to the payment of poll taxes and evidence thereof for use at elections. Tax collectors are compelled to prepare and furnish poll tax lists to election boards for distribution to the precinct election officers. These lists constitute part of the election supplies, and the number of ballots to be furnished each voting precinct is ascertained by reference thereto. Revised Statutes 1925, arts. 2975, 2984. In the case of municipal elections the election board is composed of the mayor and others, whose duty it is to obtain election supplies, including the poll lists referred to, and furnish them to election officers. Revised Statutes 1925, arts. 2997, 2996, 2992, 2993. Supplemental lists of the voters who have paid their poll taxes must be furnished 'not less than four days prior to any * * * general election.' Revised Statutes 1925, art. 2975. If all lists are not furnished the presiding judges of the various election precincts 'at least three days before election,' it is their duty to send for and procure them. Revised Statutes 1925, art. 2993. These poll lists are used on the day of election as a means of identifying those who appear for the purpose of voting. Describing the actual method of voting, article 3005 declares that, when the voter presents himself to vote, he shall 'announce his name, and the judge after comparing the appearance of the party with the description given in the certified list of qualified voters of the precinct made out by the county collector, and being satisfied that it accords therewith, shall pronounce in an audible voice the name of the voter, and his number as given in the lists of qualified voters.' (Underscoring ours)

"It can serve no good purpose to make
reference to the many statutes which show
that the poll lists are one of the things
which cannot be dispensed with if a lawful
election is to be held. Since the statutes
contemplate that the poll lists shall be
used as an active and efficient aid towards
securing the purity of the ballot, they
necessarily mean that complete poll lists
shall be used; that is to say, the lists
should contain the names of every voter who
may pay his poll tax prior to the close of
January 31st each year. We think it quite
evident that the poll lists in a city like
Austin could not properly be prepared and
distributed and the statutes in other im-
portant respects be complied with between
the hour of midnight January 31st and the
hour of the morning when an election would
be held on February 2d. But, aside from
what might be done, the law is that the
supplemental lists must be prepared at
least four days before the election day,
and that the poll lists must be in the
hands of the precinct judges at least three
days before election day. Revised Statutes
1925, arts. 2975, 2993.

"Construing the various statutes bear-
ing on the subject in the light of the Con-
stitution shows conclusively that the pro-
visions relating to poll tax lists are man-
datory. . . ." (Underscoring ours)

It is clearly seen from the foregoing author-
ities that it is mandatory that the tax assessor and
collector of the county furnish a poll tax list to the
Board, before the first day of April of every year. If
in a county which contains a city of more than 10,000
inhabitants the tax collector shall also furnish to
said Board not less than four days prior to any Primary
or General Election supplemental lists in the form
herein prescribed, of all poll taxpaying voters who
have, since paying their poll tax, removed to each vot-
ing precinct in each such city or town in the county
from another county or in other precincts in the same
county. In turn the Board shall furnish each presiding
Judge of a precinct the certified lists and supplemen-
tal lists of voters of his precinct at the time when it

furnishes other election supplies.

If said list or supplemental list is not furnished said Board, it is then incumbent upon said Board to demand the same since it is absolutely necessary and mandatory that the election judges have said lists three days before said election in order to ascertain who are qualified voters; and if they do not receive same, they should make demand for them. It is only in this respect that there is a difference in regulations for voters of rural and city precincts.

It necessarily follows from what has been said that if a person moves from one precinct to another precinct in the same county and in a city or town of more than 10,000 inhabitants, subsequent to the time that the supplemental lists have been made out by the tax collector and delivered to the Board, he could be denied the right to vote. Whereas, if he removed to another precinct in the same county even after the poll list had been made by the tax assessor and collector and delivered to said Board but not being in a town or city of more than 10,000 inhabitants, he could not be denied the right to vote regardless of when he moved to his new precinct, if he was otherwise qualified to vote.

We are familiar with the principle that the Courts of Texas throughout the years have liberally construed the statutory regulations affecting the right of a voter freely to cast his vote in the expression of his choice at an election and, in the absence of statury command, will not disfranchise him. Yet, since it is mandatory that the supplemental lists be furnished to the election judges, in cities of more than 10,000 inhabitants, if a person moves to such city after the supplemental poll list has been delivered, or moves from one precinct to another precinct in such city, the election judge could refuse him a ballot because his name would not appear on said list as required by law.

The first part of Question No. 5 of your request, that is: "When a person casts an absentee vote, what is the duty of the County Clerk as to ascertaining the legal residence of such voter?", we think, is answered in Opinion No. 0-7069 of this Department, dated February 23, 1946, a copy of which is herewith enclosed.

The last part of Question No. 5 is as follows:

"What is the duty of the election of-
ficials of a precinct when a person offers
to vote and presents an affidavit that he
has removed his residence to that precinct?"

Articles 206 to 280, V.P.C., are other provi-
sions having for their purpose the purity of the ballot
and which set out some of the duties of the election
judges - particularly Articles 216 and 217 together
with Articles 3002, 3004, 3005 and 3006, V.C.S.  These
Articles provide how the election judges may ascertain
who is a qualified voter, what the voter must do in
order to be eligible to vote, and the remedy of the
voter if challenged as such.  Article 3007, V.C.S., is
the particular statute which governs if the election
is being held in a town of 10,000 or more inhabitants
where the voter's right to vote is challenged.

It is apparent from what has already been
said and in view of the aforementioned statutes that
if the person is otherwise qualified to vote, it is
then the duty of the election judges to require such
facts from the voter under oath which he deems neces-
sary to assure the judges that the person has actually
become a bona fide resident of said precinct.

If in a city or town of more than 10,000 in-
habitants, in addition to ascertaining the facts as
aforementioned, the person's name must appear in the
supplemental list if such person is required to have a
poll tax or certificate of exemption; otherwise the
election judge should refuse to issue such person a
ballot.  In addition to this, Article 3007, supra, is
also applicable.  It goes without saying that the law
imposing all the other duties upon the officials hold-
ing elections must also be observed.

## SUMMARY

1.  An otherwise qualified voter who
has moved into a precinct before an elec-
tion may vote in a local option election
on his own statement as to precinct resi-
dence if he has been a resident of such
county for 6 months immediately preceding
such election upon presentation of his poll
tax receipt or certificate of exemption, if
required; however, if voting in a city of
10,000 inhabitants or more a voter must, in

addition to the foregoing, comply with
Articles 2966 and 2967, V.C.S.

2. As to whether a voter is subject
to prosecution who resides in a precinct
one night and does not move his household
goods, etc., presents a fact question. A
declaration of a voter is not controlling
as to intention although it is an element
which may be considered. (90 S.W. 2d 865;
143 S.W. 2d 126)

3. There is not a different regula-
tion for voters of rural and city precincts,
as to their qualifying to vote in a pre-
cinct into which they have moved unless the
city in which they are voting is one which
has a population of more than 10,000 in-
habitants. In either instance the voter
must make an affidavit that he has removed
to the precinct where he offers to vote,
if required to do so by the election judges.
There is no time limit for either, preced-
ing the election, but if in a town of more
than 10,000 inhabitants the voter, if re-
quested by the judge, must comply with
Article 3007, V.C.S., in addition to the
other requirements set out in the statutes.

4. If a person is otherwise qualified
to vote, it is the duty of the election
judge to require such facts from the voter
under oath which he deems necessary to as-
sure the judge that the person has actually
become a bona fide resident of said precinct.

Yours very truly,

APPROVED APRIL 8, 1947                    ATTORNEY GENERAL OF TEXAS

*Price Daniel*
ATTORNEY GENERAL                          By *Bruce Allen*
                                          Bruce Allen
                                          Assistant

BA:djm:erc
Enclosures