

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

RICE DANIEL,
TORNEY GENERAL

July 22, 1952

Hon. Joe Tunnell
Criminal District Attorney
Van Zandt County
Canton, Texas

Dear Sir:

Opinion No. V-1485

Re: Voting eligibility of 21-
year-old persons who
failed to obtain exemp-
tion certificates because
tax collector failed to is-
sue them.

Your request for an opinion reads in part as follows:

"Can a person who has reached the age of twenty-
one years on or since January 1, 1952, who is not sub-
ject to the disqualifications set out in Section 33 of the
Election Code, and who is entitled to an exemption from
poll tax vote in the primary election on July 26, 1952,
notwithstanding his or her failure to have obtained from
the tax assessor-collector of the county of his residence
a certificate of exemption within 30 days prior to said
primary election?

"As a subquestion to the one propounded above, a
number of persons in this county in due time called at
the office of the tax collector and requested exemption
certificate and were advised that such was not needed.
No exemption certificates have been provided the tax
collector for issue. Would the fact that such person
as described above failed to obtain his exemption cer-
tificate through no fault or lack of diligence on his part
alter your answer, or affect your answer to the main
question above propounded? Stated differently, would
the failure of such person as described above to obtain
his exemption certificate within the prescribed time
deprive him of his right to vote in any election in which
he could vote had he obtained the exemption certificate,
where such failure to obtain such certificate is attribut-
able to failure of the county authorities to provide and to
issue such exemption certificates?"

A person who has reached the age of 21 years on the day of
an election and who meets other necessary qualifications and re-
quirements is entitled to vote at that election. Secs. 1 and 2, Art.
VI, Tex. Const.; Secs. 33, 34, 41, and 42, Texas Election Code.

One of these requirements for persons who attain the age of 21 years after January 1 of the preceding year (i.e., after January 1, 1951, with respect to voting during the current year) is that they obtain an exemption certificate. Section 49 of the Election Code reads in part:

"Every citizen not subject to the disqualifications set out in Section 33 and who is exempt from the payment of a poll tax by reason of the fact that he or she has not yet reached the age of twenty-one years on the first day of January preceding its levy . . . shall not later than thirty (30) days before any election at which he wishes to vote obtain from the Assessor and Collector of Taxes for the county of his or her residence a certificate of exemption from the payment of a poll tax, and no such person who has failed or refused to obtain such certificate of exemption from the payment of a poll tax shall be allowed to vote. . . ."

This section is based on the former Article 2968a, V.C.S., but two important changes have been made in its wording. The first is the omission of the language "[every citizen] who does not reside in a city of ten thousand inhabitants or more." The second change which should be noted here is the substitution of the provision that the certificate shall be obtained "not later than thirty (30) days before any election at which he wishes to vote" for the former provision which read "on or before the thirty-first day of January of the year in which he or she offers to vote."

Prior to the effective date of the Election Code on January 1, 1952, the applicable statute regulating the procurement of exemption certificates based on nonage depended on whether the voter resided within or outside of a city of 10,000 inhabitants or more. Article 2968, V.C.S., applied to persons living within a city of 10,000 or more inhabitants, and Article 2968a applied to persons living outside of such a city. Section 48 of the Election Code, based on the former Article 2968, still provides that "every person who is exempted by law from the payment of a poll tax, and who is in other respects a qualified voter, who resides in a city of ten thousand (10,000) inhabitants or more," shall obtain an exemption certificate before February 1. However, it is our opinion that Section 49 of the Election Code now governs the issuance of exemption certificates based on nonage both within and without cities of 10,000 or more inhabitants, and Section 48 applies only where certificates are issued for some reason other than those specifically covered by Section 49.

Section 34 of the Election Code, setting out the qualifications and requirements for voting at all elections, including "general, special and primary elections," contains this provision: "if said voter is exempt from paying a poll tax he or she must procure a certificate showing his or her exemptions, as required by this Code." Section 49, quoted above, states that "no such person who has failed or refused to obtain such certificate or exemption from the payment of a poll tax shall be allowed to vote." These provisions clearly require every voter in the State who is exempt from the poll tax requirement because of nonage to apply for an exemption certificate at least 30 days before the election at which he wishes to vote. It is also clear that the tax assessor-collector is under a duty to issue an exemption certificate to every applicant who is entitled to receive one.

In answer to your first question, a voter who is exempt from the payment of a poll tax because of nonage but who has neglected to obtain a certificate of exemption at least 30 days prior to the date of an election is not entitled to vote at that election. See Clark v. Stubbs, 131 S.W.2d 663 (Tex. Civ. App. 1939); Rogers v. Smith, 119 S.W.2d 678 (Tex. Civ. App. 1938).

Section 49 does not put a limitation on the time during which a certificate based on nonage may be issued, but it does require that the certificate be obtained at least 30 days before the election in order for the holder to vote at that election. We might state here that in our opinion the attainment of 21 years of age may be anticipated and the certificate issued before the applicant actually reaches that age, in order that persons becoming 21 years old within the 30-day period may comply with this requirement. See Att'y Gen. Op. V-1136 (1950).

In your second question you ask whether a person who has made timely application for an exemption certificate, but who has failed to obtain one because of the failure of the county authorities to provide and to issue such certificates, is deprived of his right to vote.

Section 50 of the Election Code requires the commissioners' court of each county to furnish to the county tax collector, before the first day of October every year, a sufficient number of blank poll tax receipt books and blank exemption certificate books for the county. The statutes contemplate that the commissioners' court will furnish these forms and that the tax collector will issue certificates to all persons applying therefor who are entitled to receive them. Since Van Zandt County does not contain a city of 10,000 inhabitants or more, there was no necessity for the commissioners' court of that county to furnish certificate blanks as prescribed in Section 48

of the Election Code, but it should have furnished an adequate supply of certificates as prescribed in Section 49.

We have no doubt that the failure of the tax collector to issue exemption certificates, as well as the failure of the commissioners' court to provide the blanks, resulted from an innocent misapprehension of the legal requirements. Nevertheless, the tax collector's action was tantamount to a refusal to issue the certificates, and performance could have been compelled by mandamus. See Parker v. Busby, 170 S.W. 1042 (Tex. Civ. App. 1914). That case held that where a person had done everything that was required of him in paying a poll tax within the prescribed time, he was entitled to a receipt permitting him to vote, even though the tax collector did not actually issue the receipt until a later date. The court held that the receipt should be issued as of the date of the voter's compliance. Applying the reasoning of this holding to the present situation, it is our opinion that upon request the tax collector should issue a certificate, bearing the date on which application was originally made, to those persons who had been refused certificates when they applied for them.

Is the voter required to resort to the remedy of mandamus, or may he vote without having actually obtained the certificate when he has attempted to comply with the provision for obtaining one? None of the Texas cases holding that a certificate was necessary have made any reference to a failure of the voter to obtain a certificate under these circumstances, and we do not deem them to be determinative of the question.[1]

The exemption certificate statutes are in substance registration laws. See Texas Power & Light Co. v. Brownwood Public Service Co., 111 S.W.2d 1225 (Tex. Civ. App. 1937, error ref.). Section 2, Article VI of the Constitution does not make the holding of an exemption certificate a necessary qualification for voting. As pointed out in Texas Power & Light Co. v. Texas Public Service Co., Section 4 of Article VI authorizes the Legislature to provide for the registration of all voters in all cities containing a population of 10,000 inhabitants or more; but there is no express authorization or requirement in the Constitution for registration of voters who reside outside cities of that population. While the Legislature has the power to require exemption certificates of voters residing outside of cities of 10,000 inhabitants, the requirement does not have the status of an additional

_____

[1] In Thomas v. Groebl, 147 Tex. 70, 212 S.W.2d 625 (1948), which held that, under Article 2968 as it then read, certificates issued to persons over 60 years of age did not have to be renewed annually, the court observed that some of the tax collectors had probably failed to issue certificates in reliance on an Attorney General's opinion that annual renewal was not necessary. The effect of the collector's failure to issue certificates where he was required to do so was not discussed.

qualification. In other words, the person's status as a qualified elector does not hinge on possession of the certificate. Savage v. Umphries, 118 S.W. 893, 900, 909 (Tex. Civ. App. 1909); Solon v. State, 54 Tex. Crim. 261, 114 S.W. 349, 354 (1908). Since the Legislature has made the same provisions applicable to all persons exempt because of nonage, regardless of whether they reside in a city of 10,000 inhabitants or more, it must be concluded that the registration requirements of Section 49 were not enacted under the constitutional authorization in Section 4 of Article VI for registration of voters, but under the general power to make regulations for the conduct of elections. The use of terms in Clark v. Stubbs and Rogers v. Smith, supra, might suggest that the court was treating the exemption certificate requirement in Article 2968a as an element of the voter's qualification, but we think a reading of the entire opinion in each case shows that the court was not so holding. We also think that the holding that the requirement was "mandatory" must be interpreted in the light of the facts before the court.

The courts of this State have announced many times that the election laws should be construed liberally so as to preserve the right of suffrage to those who qualify as electors under the Constitution and statutes. The tenor of these holdings is that a person should not be disfranchised where his failure to comply with the election laws is not occasioned by his own fault or neglect. In Tondre v. Hensley, 223 S.W.2d 671 (Tex. Civ. App. 1949), the court held that a voter should not be deprived of the right to vote in the election precinct of his residence by reason of the fact that his poll tax receipt bore an incorrect voting precinct number, where the error was caused by an innocent mistake as to the location of the precinct lines. Ramsay v. Wilhelm, 52 S.W.2d 757 (Tex. Civ. App. 1932, error ref.), held that failure of an elector to furnish a poll tax receipt to the county clerk when obtaining an absentee ballot, where the clerk made no demand for it, did not render the ballot illegal. Wallis v. Williams, 110 S.W. 785 (Tex. Civ. App. 1908), held that the mistake of the tax collector and the voter in the manner of making payment of the poll tax and obtaining the receipt did not deprive the voter of his constitutional right of suffrage. Also see Stratton v. Hall, 90 S.W.2d 865 (Tex. Civ. App. 1936, error dism.); Lee v. Whitehead, 182 S.W.2d 744 (Tex. Civ. App. 1944); Thomas v. Groebl, supra Note 1.

As already observed, the cases we have cited which held that a person who had not obtained an exemption certificate was not entitled to vote did not raise the point here involved, and we have been unable to find a parallel case in the opinions of the Texas courts. However, the point has been ruled upon in a number of other jurisdictions. There is a line of cases, of which Molero v. Rowley, 194 La. 527, 194 So. 7 (1940), is illustrative, holding that registration requirements are not dispensed with because compliance has been hindered or prevented by the wrongful acts of registration officials. See

29 C.J.S., Elections, § 38, p. 61. On the other hand, there are cases, illustrated by Earl v. Lewis, 28 Utah 116, 77 Pac. 235 (1904), holding that the voter is not required to resort to mandamus to compel the registration official to act and is entitled to vote without being registered. In the Lewis case the court said:

"Counsel for contestees also contend that the provisions of the statute as to registration are mandatory, and that the failure to revise the list and register those entitled to register was fatal, and rendered the election void. It is clear that the provisions of the statute as to the register are mandatory in the sense that, if he refuses or neglects to perform his duties, he may be compelled by mandamus to do so; but it does not follow that his refusal or failure to act defeats the ensuing election, or deprives the qualified voter who has made proper application for registration from exercising his constitutional right to vote thereat. Section 2, art. 4, of the Constitution, is as follows: 'Every citizen of the United States, of the age of twenty-one years and upwards, who shall have been a citizen for ninety days, and shall have resided in the state or territory one year, in the county four months, and in the precinct sixty days next preceding any election, shall be entitled to vote at such election except as herein otherwise provided.' The Constitution is silent on the subject of registration. It is fundamental that a right of a citizen guarantied by the Constitution cannot be abridged, impaired, or taken away, even by an act of the Legislature. Notwithstanding our Constitution has fixed the qualification of voters, the Legislature may rightfully enact a registration law which merely regulates the exercise of the elective franchise, and does not amount to a denial of the right itself, and does not abridge or impair the same. Section 821, Rev. St. 1898, provides that: 'No person shall hereafter be permitted to vote at any general, special, municipal, or school election, without having been first registered within the time and in the manner and form required by the provisions of this chapter.' . . : In passing section 821, it is evident that the Legislature did not anticipate a case so extreme and improbable as the refusal of a sworn register to act; on the contrary, the section was passed in contemplation that the register would perform his duty, and that legal voters, properly applying for registration, would not be denied the right. There is no provision of the registration act which warrants the conclusion that it was the intention that the legal voter who has properly applied for registration, but who has been deprived of the right by the failure of the register to act,

should, by reason of such failure, be also deprived of his constitutional right to vote at the polls. We are therefore of the opinion that a failure of a register to act neither vitiates the registration law, nor deprives the legal voter, who has properly applied for registration in the manner required by section 800, of his constitutional right. In other words, when the legal voter has done all that the law requires at his hands, and his failure to be registered was the fault of the registration officer, 'upon the well-settled principle of law that the offer to perform an act which depends for its performance upon the action of another person, who wrongfully refuses to act, is equivalent to its performance' (McCrary on Elections, § 137), his acts in attempting to register should be taken as equivalent to registration, and upon tendering his ballot at the polls, and showing that he possesses the qualifications prescribed by the Constitution, and also the cause of his failure to register, he should be permitted to vote. The claim that the remedy of the voter in such cases is either by mandamus to compel the register to act, or by an action against the register for damages, is not tenable, because to require the voter to resort to the remedy of mandamus would be to add onerous conditions not required by the Constitution, and a resort to an action for damages would not prevent registration officers from corruptly defeating the will of the majority of qualified voters by intentionally failing to act."

We think the holding in Earl v. Lewis comports with the spirit of the election laws of this State, as set out in cases cited above and in numerous other decisions. It is our opinion that the Legislature did not intend to disfranchise a person where his failure to obtain the exemption certificate required by Section 49 was brought about by the improper act of the tax collector in refusing to issue the certificate. The wording of Section 49, stating that "no such person who has failed or refused to obtain such certificate of exemption from the payment of a poll tax shall be allowed to vote," is significant. Certainly a person who has not obtained a certificate because of the tax collector's refusal to issue it has not refused to obtain one. Did the Legislature mean that a failure to obtain a certificate should in every instance prevent the person from voting? It appears that the Legislature, by adding the word "refused," intended to impart to the word "failed" the meaning of failure through the voter's neglect; otherwise, the addition of the word "refused" would have been unnecessary, since the one word

Hon. Joe Tunnell, page 8 (V-1485)

"failed" could have meant that a voter lacking the certificate for any reason whatever should not be allowed to vote.

One further provision of the Election Code should be noted. Section 89 provides that "no citizen shall be permitted to vote, except as provided in the Constitution of Texas unless he first presents to the judge of election his poll tax receipt or certificate unless the same has been lost or mislaid, or left at home." Ramsay v. Wilhelm, supra, held that Article 3004, V.C.S., on which Section 89 is based, was for the guidance of election judges in testing qualifications of a voter and did not purport to define qualifications of voters. See Thomas v. Groebl, supra. It is sufficient to say, without going into an extended discussion of this section, that it cannot be taken as imposing any greater requirement for the possession of an exemption certificate than that which is imposed under the statutes providing for their issuance. Since it is our opinion that Section 49 does not make the possession of a certificate a necessary requirement to voting where the tax collector has refused to issue a certificate to the voter, it is our further opinion that Section 89 does not enlarge the requirement.

Accordingly, our answer to your second question is that a qualified voter who has made timely application for a certificate under Section 49 of the Election Code should be permitted to vote upon proof that his failure to possess a certificate resulted from the tax collector's refusal to issue it. The election judges are authorized to administer oaths for the purpose of obtaining such proof, and they have authority to require proof of the voter's qualifications as an elector before furnishing him a ballot. Secs. 87, 91, 92, Election Code. It would be advisable for the election judge to preserve in affidavit form the voter's statement of the reason for his failure to have the certificate.

We might add that if the tax collector of your county obtains the necessary blanks and begins issuing certificates to qualified applicants, persons heretofore refused certificates upon learning these facts should obtain their certificates for use at future elections.

## SUMMARY

As a general rule, every person who is exempt from payment of a poll tax because of nonage must obtain an exemption certificate at least 30 days before

election day in order to vote at the election. Sec. 49, Election Code. However, where a person making timely application for a certificate has failed to obtain one because of the tax collector's refusal to issue it, he is entitled to vote upon satisfactory proof of his qualifications as an elector and of the reason for his failure to possess a certificate.

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

J. C. Davis, Jr.
County Affairs Division

E. Jacobson
Reviewing Assistant

Charles D. Mathews
First Assistant

MKW:wb:b

By *Mary K. Wall*

Mary K. Wall
Assistant