**GREAVES et al. v. DRIGGERS.**

No. 4923.

Court of Civil Appeals of Texas.
El Paso.

Oct. 9, 1952.

Francis S. Ainsa and R. P. Langford, both of El Paso, for appellant.

Andress, Lipscomb & Peticolas, El Paso, H. O. Metcalfe, Marfa, for appellee.

PER CURIAM.

This appeal is from the District Court of Culberson County, and involves a primary election contest between Troy Greaves and J. O. Driggers for the Democratic nomination for County Commissioner, Precinct No. 2 of Culberson County.

The parties to this litigation were the only candidates for the nomination at the

July 26, 1952, primary election. On the basis of the official returns and a canvass thereof Greaves was declared the nominee by a vote of 136 to 135 for Driggers. Driggers instituted the contest and at a trial thereof he was declared and adjudged to be the nominee by a vote of 128 to 122, and Greaves brings this appeal.

There are involved here 11 votes only which were cast and returned for Greaves, but on the trial of the contest were eliminated and deducted from his total on the ground the electors casting such votes were not qualified electors because they held poll tax receipts issued by the Tax Collector of Culberson County rather than from the counties of their respective residences on January 1, 1951.

The contestant alleged with respect to the 11 electors challenged that said persons voted on a poll tax receipt issued by the Collector of Culberson County, whereas the truth was they were residents of counties other than Culberson on January 1, 1951, and, therefore, owed the poll tax in such counties and the payment in Culberson was voluntary, and such payment did not entitle them to vote in such county and continued, saying:

> "* * * and said persons were not excepted or exempt from the payment of poll taxes under the laws of the State of Texas and failed to pay poll taxes in the counties of their respective residences on January 1, 1951, for the year 1951, in all of which said counties poll taxes were levied and were due and payable by each of said persons."

The trial court found the facts to be as just alleged, and as heretofore noted, rendered his judgment on the basis of such fact.

■ The contestee, appellant here, has three points, the first of which concerns the procedure followed in initiating the contest, and says the same is erroneous. We have given careful consideration to this point, and as well the second, which is the payment of a poll tax is not requisite or a necessary qualification for voting, and have concluded neither is well taken, even if it be conceded the procedure pursued in the initiation of the contest was had under the wrong provision of the statute, but we are pressed for time; the case was submitted on yesterday, October 8, 1952, and the brief of appellant filed on the 6th and appellee's on the 8th of October, and we omit the statement of the reasons for the conclusions reached concerning such points.

The third point asserts the proposition appellee, with respect to all said voters, failed to satisfy the burden of proof on him to show by a preponderance of the evidence that each voter was disqualified to vote. We have, after very careful study, concluded this proposition must be sustained.

■ Contestant's pleading with respect thereto has already been noted in detail. He admitted the burden resting upon him to establish the levy of a poll tax in the counties of residence of each of such voters, and undertook to make the necessary proof, and we do not undertake to say the proof was not made, but the affirmative proof stops there. Contestee's position is there is a failure to prove such voters were not excepted or exempt under the law from the payment of a poll tax, setting up the exceptions found in Article 41, Chapter 5 of the Texas Election Code, V.A.T.S. Election Code, art. 5.09. Contestant does not say he undertook to establish by any witness all such voters or any one of them were not excepted or exempted, but says the payment of the poll tax in Culberson County was an admission they owed the tax; that it was the duty of the Collector to question each of such persons and determine that none such were exempt under the provisions of Articles 5.17, 5.20 and 5.21 of the Election Code. We do not so read these provisions. Upon these grounds alone it is sought to maintain the judgment of the trial court.

■ These electors, so far as the qualification for voting is concerned, were in the analogous position of one having no poll tax at all. The mere showing one has not paid a poll tax by one within a taxable age, without further proof that such pay-

784

ment was required, is not sufficient to establish a disqualification. . . Willow Hole Independent School District v. Smith, Tex. Civ.App., 123 S.W.2d 708(e. r.). The proof one voted on a wrong poll tax is not sufficient to establish the fact such vote was illegal. Neil v. Pile, Tex.Civ.App., 75 S.W.2d 899 (no error record) but the case is cited with approval in the case cited above. There the court said:

"However, when the officers of an election have permitted a person to vote, the presumption at once arises that such action was proper and that such person is a legal voter. The burden of proof is upon the contestant of an election to prove that a vote is in fact an illegal vote, before he is entitled to have it thrown out and not counted."

█ It is further said in the same connection, if the voter did not have a proper poll tax he might have been entitled to vote without the payment of a poll tax. In other words, he might be excepted or exempt under the provisions of law. It is said here by contestant the Court saw a number of these 11 voters concerned on this appeal, and could determine from his observation of them they suffered none of the disabilities mentioned in Article 41 of the Code, supra. That may be conceded, except as to those who might have been permanently disabled, or veterans of foreign wars with a 40% disability. The necessary proof was easily available and most, if not all of it, might have been easily made by witnesses who testified in the case, but it was not done. We are unable to distinguish this case from the cases cited, and in such circumstances are bound thereby. If it may be said the cases and the law there announced and declared impose an unnecessarily heavy burden on a contestant, it might as well be observed the law which disqualifies an otherwise substantial and intelligent citizen from voting because of the payment of a 25¢ tax in the wrong county is also harsh and exacting, and one who seeks to disqualify a voter on such ground should clearly establish it.

For the reasons hereinbefore stated, the judgment of the trial court will be reversed and judgment here rendered that the contestee, Troy Greaves, be adjudged the Democratic nominee for the office of County Commissioner of Precinct No. 2, Culberson County, Texas, and that he be so certified, and a certified copy of the judgment of this court will be supplied to the proper officials of Culberson County, Texas, for observance, and that the name of said Troy Greaves be placed on the general election ballot as the nominee of the Democratic party for the coming November general election.

A motion for rehearing will not be entertained, and the mandate of this Court will issue forthwith.

McGILL, J., not participating.