## PAREDES v. MARTINEZ.

### No. 12644.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 20, 1954.

Rehearing Denied Feb. 17, 1954.

Gerald Weatherly, Falfurrias, H. P. Guerra, Jr., Rio Grande City, for appellant.

Bismark Pope and Pope & Pope, Laredo, for appellee.

POPE, Justice.

This is an election contest. Proceso Martinez, by a margin of six votes, was declared the duly elected Commissioner from Precinct No. 2 of Zapata County. E. E. Paredes contested the election and has appealed from an adverse judgment of the trial court.

Appellant's first point concerns the same witnesses, voters, voting district, and evidence discussed in the first point in the case of Solis v. Martinez, Tex.Civ.App., 264 S.W.2d 956. The statement of facts in the Solis case was without objection introduced as proof of appellant's first point. Since the evidence is the same, the views we expressed in the Solis case also control in this case.

Appellant in his second point assumes that the reason the election officials rejected the votes of Santiago Gonzales, Mrs. Santiago Gonzales, and Jose L. Torres, is because their absentee ballots were considered by the officials as not being in the hands of the canvassing board within the time required by Article 5.05, Subdivision 5, Vernon's Election Code. However, in addition to the absentee vote requirements, the trial court found that appellant failed to prove that those persons were otherwise qualified voters. Since the appellant had the burden to prove their qualifications and failed to discharge it, we can not assume that their votes were rejected for the one and only reason appellant has assigned. Barker v. Wilson, Tex.Civ.App., 205 S.W. 543; Kempen v. Bruns, Tex.Civ. App., 195 S.W. 643; 16 Tex.Jur., Elections, § 145.

Error is asserted in counting five absentee ballots because the applications for ballots were made by telegram. It has been held on several occasions that the statutory requirements for a written application for an absentee ballot are directory and not mandatory. Fugate v. Johnston, Tex.Civ. App., 251 S.W.2d 792; Bray v. Peden, Tex. Civ.App., 213 S.W.2d 469; State ex rel. Sharp v. Martin, Tex.Civ.App., 186 S.W.2d 111; Lee v. Whitehead, Tex.Civ.App., 182 S.W.2d 744; Stratton v. Hall, Tex.Civ. App., 90 S.W.2d 865.

Three other absentee votes were challenged because the county clerk personally took ballots to voters at their homes. It is the irregularity that is complained about and not that there was, as expressed in Morris v. Dunn, Tex.Civ.App., 164 S.W. 2d 562, 564, "any undue persuasion, fraud, undue influence, or intimidation in the procuring of the votes in question". Morris v. Dunn is decisive of the situation presented, and the votes will be counted "where the will and desire of the voters can be ascertained from the ballots".

The other points do not challenge enough votes to affect the declared results. The order of the trial court is affirmed.