M. E. WIEDERKEHR et al., Appellants,

v.

R. F. LUNA, County Attorney of Duval County, et al., Appellees.

No. 3413.

Court of Civil Appeals of Texas.

Waco.

Dec. 20, 1956.

Rehearing Denied Jan. 10, 1957.

Mann & Byfield, Laredo, for appellants.

Dumas, Huguenin & Boothman, Dallas, for appellees.

McDONALD, Chief Justice.

This is an appeal from a judgment adverse to contestants in three election contests. The three contests were consolidated for trial and are on appeal as a consolidated cause. On 7 January 1956 three elections were held in the Benavides Independent School District (which is located entirely within Duval County). Such three elections were held simultaneously and conducted by the same election officials.

*Election 1* was for participation in by resident qualified electors who owned taxable property in Benavides Independent School District and who had duly rendered same for taxation on the rolls of the District, and voted on:

Proposition No. 1

For or against the adoption of Senate Bill 116, Chapter 528, Acts of 54th Legislature at its Regular Session 1955. [Vernon's Ann.'Civ.St. art. 2784e–1 and note].

Proposition No. 2

For or against Maintenance Tax.

Proposition No. 3

For or against the issuance of bonds and the levying of the tax in payment thereof.

*Election 2* was for participation in by all qualified electors of the Benavides Independent School District, being resident voters who hold current poll tax receipt or exemption (ownership of taxable property not required), and voted on:

Proposition No. 1

For or against the adoption of Senate Bill 116, Chapter 528, Acts of 54th Legislature at its Regular Session 1955.

*Election 3* was for participation in by resident qualified electors of the Benavides Independent School District, who own property which has been duly rendered for taxation on the rolls of Duval County, and voted on:

Proposition No. 1

For or against the adoption of Senate Bill 116, Chapter 528, Acts of 54th Legislature at its Regular Session 1955.

The propositions in all three elections carried by substantial majorities. Parties will be referred to as in the trial court. Plaintiffs (contestants) are ten residents of the Benavides Independent School District each of whom was entitled to vote in all three of the elections held. Defendants (contestees) are the County Attorney

of Duval County and the Trustees of the Benavides Independent School District.

After trial of the consolidated cases contesting each of the three elections held, the court without a jury, entered judgment that all three elections were duly and legally held; that the results of such elections as recorded by the elections officials reflect the true outcome thereof; that. the provisions of Senate Bill 116, Chapter 528, Acts 54th Legislature, were duly and regularly adopted by the District; that it is authorized to levy maintenance tax and issue bonds thereunder; and that plaintiffs (contestants) be denied any relief in the proceedings.

Plaintiffs (contestants) appeal, contending: (1) The adoption of the provisions of Senate Bill 116, Chapter 528, Acts of the 54th Legislature, must be held at a prior election to the election at which the maintenance tax and bonds are authorized. (2) All three elections are void because the ballots used to adopt the provisions of Senate Bill 116 fail to contain a description of the proposition submitted in such language as to constitute a fair portrayal of the chief features thereof. (3) All three elections are void because all three were based on one petition, one order and one notice. (4) All three elections are void because they should have been ordered by the County Judge of Duval County instead of by the Trustees of Benavides Independent School District.

█ It should be noted that the three elections which were held on the same subject matter were held in the manner in which they were on advice of the Attorney General of Texas because of some confusion which existed as to the proper electors to vote in connection with the adoption of Senate Bill 116. Since that time our Supreme Court, in the case of King v. Carlton Independent School District, Tex.Sup., 295 S.W.2d 408, has set at rest some of the matters raised in this case. The Supreme Court held that the proper electors to adopt Senate Bill 116 for

the School District are the electors who voted in election No. 2 in the instant case, and that the proper electors to vote on the maintenance tax and upon the issuance of bonds are the electors who voted in election No. 1 in the instant case. As we interpret the Supreme Court's decision in the King case, supra, it makes no difference if the provisions of Senate Bill 116 are adopted for the School District by the proper electors to vote at such election, at the same time and place as an election by the proper electors to authorize the maintenance tax and the issuance of bonds. Under the Supreme Court's decision in the King case, supra, election No. 2 was a valid election participated in by the proper electors to adopt the provisions of Senate Bill 116 for the Benavides Independent School District; and election No. 1 was a proper election participated in by the proper electors to authorize the maintenance tax and the issuance of bonds. Under the foregoing authority the first propositions voted on in election No. 1 and election No. 3 are nullities and without any force or effect, but since election No. 2 was a valid election in which to adopt the provisions of Senate Bill 116 for the School District, and since election No. 1 was a valid election to adopt the maintenance tax and authorize the issuance of bonds, the net result is that Senate Bill 116 was effectively adopted for the School District. It follows that plaintiffs' (contestants') contentions 1 and 3 are overruled.

█ Plaintiffs' contention 2 complains of the language used in the ballot in Proposition No. 1, such language being: "For or against the adoption of Senate Bill 116, Chapter 528, Acts 54th Legislature at its Regular Session 1955." The contention here is that the election is void because the ballot did not present a fair portrayal of the chief features of the article being voted on for adoption. We have carefully considered the notices of the elections under review as well as the ballots thereon and conclude that same were sufficient to fairly inform the electors of the question

submitted. Moreover, there is no evidence in the case at bar that any elector was misled or deceived by the ballot proposition employed. See: England v. McCoy, Tex. Civ.App., 269 S.W.2d 813. W/E Dis., Contention 2 is overruled.

Contention 4 is levelled at the fact that the Trustees of Benavides Independent School District ordered and gave notice of the elections rather than the County Judge.

■ Section 2 of Article 2784e–1 (Senate Bill 116) provides that the General Laws applicable to each of the several types of school districts prescribing the manner and holding of tax and bond elections shall govern a school district in the calling and holding of an election permitted or required under the Act. We think that Article 2785, R.C.S., Vernon's Ann.Civ. St. art. 2785, is the general law referred to, which provides that for an independent school district the Trustees are the officers who shall order and hold elections. We therefore think that the Trustees of the Benavides Independent School District were the proper authority to order and give notice of the elections in the case at bar, rather than the County Judge as contended by plaintiffs (contestants). However, this point was not raised in the Trial Court and it is our further view that plaintiffs (contestants) are not entitled to raise same here for the first time.

■ Further to all that has been said, it is our view that since the case at bar was prosecuted as a statutory election contest, that plaintiffs (contestants) could not be heard to complain in this case except upon one or more grounds expressly or impliedly authorized in the Election Code. V.A.T.S. 15B Tex.Jur., p. 524, Sec. 150, states:

"An election contest is a special proceeding, not a civil action, and it is authorized only by constitutional provision and an enabling act; hence the courts are deemed to be limited in their investigation in a contest to such subjects as are specified in the statutes. A contest must be based on some ground specified in the code."

Articles 9.14 and 9.15 of our Election Code provide for contest of elections if it is impossible to ascertain the true result of the election, or if illegal votes were cast, or if the election was not fairly conducted. The plaintiffs (contestants) in the instant case filed this election contest on grounds other than those authorized by the Election Code. For this reason, as well as those hereinabove set out, we think that they were properly denied the relief sought. Magnolia Petroleum Co. v. Jackson County Water Control Dist., Tex.Civ.App., 290 S.W.2d 310.

We have carefully considered all of plaintiffs' (contestants') points and the contentions urged thereunder and same are overruled. The judgment of the Trial Court is affirmed.

HALE, J., not participating.