**O. H. BRANDON, Appellant,**

**v.**

**J. E. QUISENBERRY, Appellee.**

**No. 7250.**

Court of Civil Appeals of Texas.

Amarillo.

Oct. 13, 1962.

Warren D. Pruitt, Vernon, for appellant.

Jack E. Hightower, Vernon, for appellee.

PER CURIAM.

This is a contest of an election of a County Commissioner of Precinct Number Four, Hardeman County, Texas. The election under consideration was the second primary of the Democratic Party held June 2, 1962. The Democratic Party canvassing board declared that O. H. Brandon and J. E. Quisenberry each received ninety-eight (98) votes. Lots were cast in the presence of the two candidates and Appellant O. H. Brandon, was declared and certified as the Democratic nominee. Quisenberry timely filed this suit contesting the election. The District Court, sitting without a jury, found Brandon received eighty-two (82) legal votes and Quisenberry received eighty-three (83) legal votes and concluded Quisenberry was the duly elected Democratic nominee. Brandon has appealed.

The trial court held a total of thirty-one (31) ballots were illegally cast and that sixteen (16) of the illegal ballots had been cast for Brandon and fifteen (15) had been cast for Quisenberry. After deducting the illegal ballots, the court concluded Quisenberry was the Democratic nominee by one (1) vote. Counsel for both parties agreed and stipulated that twenty-one (21) of the ballots cast were illegal. Appellant brings forward two points of error challenging the trial court's ruling that the ballots cast by H. P. Cansler and wife, Audie Cansler, were illegal and that Albert Spears, Jr. was not entitled to vote. The court held the votes cast by H. P. Cansler and Audie Cansler were void on the ground that they "did not possess valid poll tax receipts or exemption certificates as required by law."

The record shows Mr. and Mrs. Cansler were residents of Knox County, Texas, on January 1, 1961, but were residents of Hardeman County on the day of the election, June 2, 1962. It is undisputed they had been residents of Hardeman County since November 1, 1961. At the time the Canslers voted, they each presented a current poll tax receipt to the election official and were permitted to cast their ballots. Certified poll tax lists from both Knox and Hardeman Counties were introduced into evidence but neither list contained the names of the Canslers. The record is silent as to what county issued the poll tax receipts.

The burden of proof in an election contest rests upon the contestant. State ex rel. Lukovich v. Johnston, 150 Tex. 174, 238 S.W.2d 957; Solis v. Martinez, (Tex.Civ.App.), 264 S.W.2d 956, (Dismissed.). When an election official permits a person to vote, a presumption arises that such action was proper and that such person is a legal voter. Willow Hole Independent School District v. Smith, (Tex.Civ.App.), 123 S.W.2d 708. Quisenberry, contestant, had the burden to prove the Canslers were not qualified to vote. The proof consisted only of the fact the Canslers failed to pay their poll taxes in either Knox or Hardeman Counties; and that they were not of exempt age. In our opinion, this question has been decided against contestant, Quisenberry. In Greaves v. Driggers, (Tex.Civ.App.), 252 S.W.2d 782, (N.W.H.), the court there held the contestant must affirmatively prove that the contested electors were not entitled to vote without the payment of the poll tax. We conclude Quisenberry failed to sustain the burden of proof and totally failed to show Mr. and Mrs. Cansler cast invalid ballots. The trial court erred in holding the Canslers cast invalid ballots. See also Neil v. Pile, (Tex.Civ.App.), 75 S.W.2d 899, (N.W.H.).

 The next point concerns the trial court's ruling that Albert Spears, Jr., was not a qualified voter at the time he presented himself at the polls. The election official denied Spears the right to vote. It is undisputed he did not possess a poll tax receipt, but the contention is made he was exempt on the ground he was permanently disabled. In this instant the burden is upon Appellant Brandon to prove the qualifications of Spears to vote. Appellant totally failed to discharge this burden. The trial court correctly held Spears was not a qualified voter. Paredes v. Martinez, (Tex.Civ.App.), 264 S.W.2d 958, (N.W.H.).

Appellee by his cross assignment of error contends the court erred in holding the votes cast by Mr. and Mrs. Quisenberry and Mr. and Mrs. Wade were void.

 Subdivision 2 of Article 5.05, Texas Election Code, V.A.T.S., provides in part as follows:

"An elector desiring to vote absentee shall make written sworn application for an official ballot to the county clerk of the county of his residence, which application shall be signed by the elector, or by a witness at the direction of said elector in case of the latter's inability to make such written application because of physical disability. Such application shall state the ground on which the applicant is entitled to vote absentee and in case of an application by mail shall give the necessary information to enable the clerk to determine whether the applicant is entitled to vote by mail. Such application shall be accompanied by the poll tax receipt or exemption certificate of the elector, or, in lieu thereof, his affidavit in writing that same has been lost or mislaid."

Subdivision 6 of Article 5.05 determines that the Special Canvassing Board shall open the jacket envelopes, announce the elector's name, and ascertain in each case if the voter is qualified to vote in that election and if he has complied with all applicable provisions of this section to entitle his ballot to be cast. The Special Canvassing Board is not to open the envelope containing the ballot and count the votes for each candidate as was done here. Mr. and Mrs. Quisenberry and Mr. and Mrs. Wade did not accompany their application for an official ballot with their poll tax receipt or exemption certificate nor did they make affidavit in writing that their poll tax or exception certificate had been lost or mislaid. Farrell v. Jordan, Tex.Civ.App., 338 S.W.2d 269, holds that the requirements of Article 5.05 are mandatory; and if the statutory requirements were not complied with, the votes were void and should not be counted. We affirm the judgment of the trial court holding the votes cast by Mr. and Mrs. Quisenberry and Mr. and Mrs. Wade were void.

As previously indicated, we are of the opinion the trial court correctly held the votes cast by Mr. and Mrs. J. E. Quisenberry and Mr. and Mrs. J. C. Wade were void and that Albert Spears, Jr. was not a qualified voter; but that the court was in error in voiding votes cast by Mr. and Mrs. Cansler. The record does not reveal how the Canslers voted in the commissioner's race under consideration. We therefore reverse the judgment of the trial court and remand it with instructions to validate the two votes cast by Mr. and Mrs. Cansler. Upon determining for whom these two votes were cast, the trial court is directed to declare the duly elected nominee of the Democratic Party for the office of county commissioner, Precinct Four of Hardeman County, Texas. The trial court is further directed to notify the county clerk of Hardeman County of the result in order that the name of the one so elected may be placed on the official ballot to be used in the general election to be held on the 6th day of November, 1962.

A motion for rehearing will not be entertained and the mandate of this Court will issue forthwith.

Reversed and remanded with instructions.