**Luke GRIZZAFFI, Appellant,**

v.

**W. G. LEE, Appellee.**

**No. 17565.**

Court of Civil Appeals of Texas, Fort Worth.

Dec. 27, 1974.

Rehearing Denied Jan. 24, 1975.

Michael J. Whitten, Denton, for appellant.

Griffin, Shelton & Eames, and Mike Griffin, Denton, for appellee.

## OPINION

LANGDON, Justice.

This appeal is from a local option election contest in which a motion for summary judgment was granted.

A local option election called by the County Judge of Denton County was held on October 29, 1973, to determine whether or not to allow, "the legal sale of all alcoholic beverages, including mixed beverages," within the corporate limits of Corral City. The appellant was duly appointed and served as the presiding Judge in the local option election. As a duly registered and qualified voter in and for Corral City he cast his vote "for" the proposition. The Commissioners' Court of Denton County, Texas, canvassed the votes and on November 5, 1973, declared that the "wets" had carried the election by a vote of 9–4 and entered its order to this effect.

On December 4, 1973, the appellee, W. G. Lee, filed his notice of election contest and his original petition naming John Lawhon, the County Attorney of Denton County, as the contestee. The sole basis of appellee's contest was that he and others similarly situated had been denied the right to vote in the local option election.

On December 5, 1973, John Lawhon, County Attorney, Denton County, Texas, acknowledged notice in accordance with the statute and filed his "Reply" which in its entirety states, "That it is up to the Court to make the decision in the case and that we, by filing this reply, are not up-holding the liquor election in any way but are merely filing this reply to fulfill the requirements of the statute. It is further stated that the filing of this reply ends and terminates any part this office is

required to have or will have in this election contest."

On December 11, 1973, the appellant intervened under Rule 60, Texas Rules of Civil Procedure, by filing his "Reply of Intervening Contestee."

On December 19, 1973, the appellee filed a motion to strike the appellant's reply in intervention on the ground that the appellant was not eligible as a contestee under Article 9.31 of the Texas Election Code, V.A.T.S.

On January 3, 1974, a hearing was held on the motion and the court granted it and dismissed the appellant as a party. An order to this effect was entered on January 29, 1974.

On January 11, 1974, appellee filed Contestant's First Amended Original Petition, and for the first time contended that the effective date of the incorporation of Corral City was September 10, 1973, and thus the local option election had been improperly held within 18 months from the date of incorporation in violation of Art. 666–40b, Vernon's Ann.Texas Penal Code. The appellant was not served with a copy of this pleading or otherwise notified of its filing.

On January 29, 1974, the Contestant's First Amended Motion for Summary Judgment With Affidavits Attached, was filed. It was based upon pleadings similarly described above in paragraph 11 of the First Amended Original Petition.

On February 1, 1974, the statutory contestee, John Lawhon, acknowledged notice in accordance with the statute of contestant's first amended original petition and filed his reply which was substantially the same as before and in which he was thereby terminating any part, "this office is required to have in this election contest."

On February 12, 1974, the trial court signed and entered its order granting the appellee's motion for summary judgment. It was based solely on the court's finding

that Corral City did not come into existence until September 10, 1973, and therefore the local option election violated Article 666–40b of the Texas Penal Code which provides that, ". . . any qualified political subdivision holding such election must have been in existence for at least eighteen (18) months."

Subsequently, on February 14, 1974, appellant filed his motion for new trial and on March 5, 1974, filed his first amended motion for new trial. Hearing was held on said First Amended Motion for New Trial on March 21, 1974, at which time the trial court ruled that appellant was not entitled to present any evidence or arguments concerning the grounds upon which the summary judgment was granted. The court ruled that evidence could only be presented with regard to the order striking the reply in intervention. The trial court further ruled that it would not receive any evidence for the purposes of making a bill of exception, except evidence as to the order striking the intervention.

The appellant by three points of error asserts that the District Court erred (I) in granting appellee's motion to strike appellant's reply in intervention because appellant is (a) a person named as a statutory contestee in Art. 9.31, Texas Election Code, (b) that as a duly registered and qualified voter and a resident of Corral City he was denied equal protection and due process of law by the court's construction of Art. 9.31, supra, and (c) where as here the county attorney refused to defend the declared result of the election that the appellant as a representative of the proponents of the election and one who will be bound by the judgment is entitled to intervene under the doctrine of representation; (II) the District Court erred in granting appellee's Motion for Summary Judgment because (a) Corral City acquired its legal standing and came into existence on September 30, 1971, and had therefore been in existence for 18 months as required by Art. 666–40b, Texas Penal Code, (b) it contravenes the order of the County

Judge of Denton County declaring the incorporation of said town of Corral City "is effective from and after September 30, 1971," and (c) no proper notice of contestant's first amended original petition or first amended motion for summary judgment or the hearing thereon was given the appellant; (III) the District Court erred in refusing to allow appellant to present at the hearing on motion for new trial any evidence directly attacking the summary judgment or for purposes of a bill of exception, and in refusing to grant appellant's written bill of exception Number One.

We reverse and remand.

The above described points of error will be discussed in the order in which they are above listed.

The county attorney named by the contestant as the statutory contestee, in filing his "Reply" on the two occasions referred to, was in all probability seeking to follow Attorney General Opinion No. O–1796 appearing in Vol. 2, p. 33, of the Annual Opinion Report of the Attorney General of Texas, February 14, 1940, which states that, "It is not the duty of the county attorney to defend the validity of a contested local option election. When the county attorney is made contestee and served with notice under Arts. 3043, 3070, R.C.S., it then becomes his duty to prepare and file the written contestee's reply as required by said statutes, and when this is done, he has fully discharged his statutory duty. Art. V, Sec. 21, Constitution of Texas; Arts. 666–32, 666–40a, V.A.P.C.; Arts. 3043, 3069, 3070, R.C.S.; Moore, et al., v. Commissioners' Court of Titus County, (Tex. Civ.App.), 192 S.W. 805."

The appellant herein did not intervene in this cause until after the county attorney filed his "Reply" to the effect that he would not have any part in the election contest. It is obvious that such "Reply" did not constitute a contest. It raised no issues with the allegations of the contestant. The latter was unopposed. The proponents of the election were not to be represented unless someone would come to their defense.

It was at this time that the appellant, Mayor of Corral City, intervened in the suit.

Clearly he was designated as one of the Statutory Contestees under the provisions of V.A.T.S., Election Code, Art. 9.31. He was a proper party to the contest and fully qualified as such.

Article 9.31, V.A.T.S., Election Code, provides that: "In any case provided for in the preceding Section [art. 9.30], the county attorney of the county, or if there is no county attorney, the district attorney of the district, *or the mayor of the city, town or village,* or the officer who declared the official result of said election, or one of them, as the case may be, shall be made the contestee, and shall be served with notice and statement, and shall file his reply thereto as in the case of a contest for office; but in no case shall the costs of such contest be adjudged against such contestee, or against the county, city, town, or village which they may represent, nor shall such contestee be required to give bond upon an appeal." (Emphasis ours.)

It is undisputed that the appellant intervened in the local option election contest in the following capacities: (1) *as the Mayor of Corral City;* (2) a resident of the incorporated Town of Corral City; (3) as the duly appointed, qualified and acting presiding Judge of the local option election; (4) as a duly qualified and registered voter in said town; (5) as a representative of the proponents of the election; and (6) as a person having a direct and significant financial interest in the outcome of the election contest and as a representative of others having such interests.

The court in its additional findings of fact filed on May 13, 1974, found that Luke Grizzaffi was at the time of the local option election, held on October 29, 1973, the contest thereof and at all times since,

the elected and acting Mayor of the Town of Corral City, a resident thereof, a duly qualified and registered voter thereof and was the duly qualified, appointed and acting election Judge of said local option election. That in the elections in question, nine (9) persons voted for and four (4) persons against the legal sale of all alcohol beverages, including mixed beverages.

It is of interest at this point to note that the appellee, W. G. Lee, the contestant in this cause, identifies himself in his pleadings as a qualified elector and resident of the Town of Corral City, Denton County, and claims that he did not vote in the election.

The various capacities of the intervenor (appellant herein) would suggest that he was possessed with far more credentials for participation in the contest than Mr. Lee who had every right to file as a contestant. When the county attorney declared he would do no more than file his "Reply" it left Mr. Lee as the only party to the contest, which was rather one-sided. It is undisputed that the members of the Commissioners' Court had no greater desire to defend the declared result of the election than did the county attorney.

Under Article 9.30, "Other contested elections," any resident of such county, precinct, city, town or village or any number of such residents may contest such election. The giving of notice of contest required by Article 9.03 is under this Article (9.30) and Article 9.31, necessary for the contest of an election.

"Article 5, § 8 of the Constitution, as amended in 1891, confers jurisdiction upon the district courts to try contested elections. This clause of the Constitution is not self-executing. . . .

"The jurisdiction of the district court is by the statute made dependent upon the giving notice of contest prescribed by the statute. Lindsey v. Luckett, 20 Tex. 516; Wright v. Fawcett, 42 Tex. 203. . . . The statute requiring notice is jurisdictional and must be complied with." Cauthron v. Murphy, 61 Tex.Civ.App. 462, 130 S.W. 671 (1910, writ dism.).

■ The notice of contest prescribed by the statute is to provide the contestant a named contestee against whom the contestant may commence the proceedings and give the district court jurisdiction to hear the contest. The court having jurisdiction may then proceed with the contest. In the event the "contestee" named by the contestant refused to be a party "contestee" it would then evolve upon the court to determine the qualifications of any intervenors seeking to enter the contest. Certainly a person named in the statute, i. e., the Mayor, would be a proper party and "Justice" would be served by permitting him to remain in the suit.

If the statutory contestees are required only to file a "Reply" and have no duty to defend the results of the election under contest then the legislature must have intended that once the contest is in the jurisdiction of the District Court through the procedures required of the contestant that thereafter qualified persons may intervene if necessary to defend the election.

V.A.T.S., Election Code, Art. 1.01, states that: "The aim in adopting this Code is to state in plain language the laws governing the nomination and election of officers and of holding other elections, to simplify, clarify and harmonize the existing laws in regard to parties, suffrage, nominations, and elections, and to safeguard the purity of the ballot box against error, fraud, mistake and corruption, to the end that the will of the people shall prevail and that true democracy shall not perish from the Lone Star State. To that end the provisions of this Code shall apply to all elections and primaries held in this State, except as otherwise provided herein."

V.A.C.S., General Provisions, Art. 10, General rules, provides that the following rules shall govern in the construction of all civil statutory enactments:

"6. In all interpretations, the court shall look diligently for the intention of the

Legislature, keeping in view at all times the old law, the evil and the remedy. . . .

"8. The rule of the common law that statutes in derogation thereof shall be strictly construed shall have no application to the Revised Statutes; but the *said statutes shall constitute the law of this State respecting the subjects to which they relate; and the provisions thereof shall be liberally construed with a view to effect their objects and to promote justice.*" (Emphasis ours.) See Robinson v. Hill, 507 S.W.2d 521 (Tex.Sup., 1974).

■ In interpreting statutes courts may not attribute to the Legislature an intention to work an injustice. General Motors Corporation v. Hebert, 501 S.W.2d 950 (Houston Civ.App., 1st Dist., 1973, ref., n. r.e.). See pocket parts and cases cited under Art. 10, General Provisions.

■ In the case of Hooker v. Foster, 117 Tex. 237, 1 S.W.2d 276 (1928) in an opinion adopted by the Texas Supreme Court, it was held that, "The latter article makes the contestee to depend upon the nature of the contest; that is, whether the same be held in any county or part of a county or precinct of a county, or in any incorporated city, town, or village. *It clearly contemplates that according to this classification the contestee shall be one of those named in the statute who is peculiarly concerned with the proceeding. The language of article 3070 as the case may be,' can have no other significance.* But for these words, in any case of a contest, any one of the persons named in the statute could be made the contestee, for they are all used in the alternative with no preference whatever indicated. It stands to reason that in a contest of an election held throughout a county, or even a part of the county or a precinct of the county, wherein the county attorney is made the legal adviser of the county, part or precinct, that such officer could be named as contestee, for he is legally concerned with the proceeding. *For precisely the same*

*reason, if the contest be of an election held within an incorporated city, town, or village, then the mayor could be named as contestee, and it is to these two classes of contests the words 'as the case may be' have pertinent reference.*

"In every contest, whether of a county election, part of a county, precinct, incorporated city, town, or village, there is necessarily an officer or board who declared the official result of said election, which officer or board would be concerned in the proceeding, and for whose naming as contestee there exists every apparent reason that could exist for the naming of the county attorney or the mayor, 'as the case may be.' We think a proper interpretation of the statute providing for contestees is that in contests involving an election for a county, or for a part of a county, or a precinct, where the law imposes upon the county attorney the duty of legal adviser, the county attorney (or, in case there is no county attorney, the district attorney for the district) would be a proper contestee; *that in a contest proceeding of an election held in any incorporated city, town, or village, the mayor would be a proper contestee*; and further that, in any contest of the classes named, 'the officer who declared the official result of said election, or one of them,' may be named as contestee. This interpretation accords with the manifest intention of the Legislature and gives effect to every part of the statute without doing violence to any other part thereof." (Emphasis ours.)

In Ladd v. Yett, 273 S.W. 1006 (Austin Civ.App., 1925, writ dism.) the court held that by virtue of being a member of the city council, the intervenor was a proper party to the suit filed, and stated that, "Neither do the statutes prohibit one who is a proper party to an election contest from intervening where he has not been made a party thereto, and urging any defense to the validity or invalidity of the election results as declared. It is also well settled that in this state an election contest is not a civil suit, and that the trial judge

has a wide discretion in the conduct of the proceedings, and we think that in the exercise of this discretionary power he may permit an intervener, who is by statute at least a proper contestee, to intervene and make such defense as the statutes may authorize in purely election contests."

· It is our opinion, under the facts of the case at bar, that the trial court abused its discretion in striking the appellant as an intervenor.

To hold otherwise would deny the appellant equal protection and due process under the Constitution. It would deny the proponents of the local option election no forum in which to defend the results of the election. Certainly it can be said that the appellant here is as well qualified to be a party to the suit as the appellee herein. Each side of a contest is entitled to representation as each will be bound by the judgment in the contest.

■ In Gunn v. Cavanaugh, 391 S.W.2d 723 (Tex.Sup., 1965), the Texas Supreme Court noted the general rule that even though only parties of record may ordinarily exercise the right to appeal, a person who is represented under the doctrine of virtual representation may also appeal from a judgment that will bind him and adversely affect his interests.

In Grohn v. Marquardt, 487 S.W.2d 214, 216–217 (San Antonio Civ.App., 1972, ref., n. r. e.), the court in discussing the doctrine of virtual representation said, ". . . The basic idea which underlies the doctrine of representation is simply that sometimes a person is bound by the judgment in a proceeding to which he is not a party because, in that proceeding, he is regarded as being 'represented' by an individual who is a party. . . . It is clear that, in any case in which the doctrine of representation is held to be applicable, the 'represented' individual is bound by a judgment rendered in a case to which he is not party. When a non-party is allowed to challenge a judgment, the decision to allow him the right to appeal is grounded on the fact that, because of the doctrine

of representation, he is bound by the judgment."

We are of the opinion that under the logic of Grohn v. Marquardt, supra, where appellant's "representative," the county attorney, has declined to act that the doctrine of representation would permit the appellant to intervene and to appeal from any adverse judgment. A holding to the contrary would do injustice to the spirit of the Texas Election Code, which contemplates that justice be done.

Appellant's first point of error is sustained.

■ We next consider appellant's point of error No. II which attacks the action of the court in granting the summary judgment based solely upon its finding that Corral City did not come into existence until September 10, 1973, and that therefore holding the local option election was in violation of Art. 666–40b of the Texas Penal Code which prohibits such an election to be held until such town has been in existence for a period of eighteen months.

We suggest a review of the cases of Helton v. Todd, 481 S.W.2d 910 (Fort Worth Civ.App., 1972) and Todd v. Helton, 495 S.W.2d 213 (Tex.Sup., April 4, 1973) which will reveal the history of the lengthy and complicated proceedings leading to the creation of the Town of Corral City. Following the Supreme Court decision of April 4, 1973, the petitioner (Helton) on July 25, 1973, filed a motion for summary judgment in the remanded cause, relying upon the passage by the Legislature of a validating Act (Acts 63rd Leg., Reg. Sess., 1973, Ch. 160, H.B. 1231, codified as Vernon's Tex.Rev.Civ.Stat.Ann. Art. 974d–18).

The District Court granted motion for summary judgment on July 25, 1973, and on August 27, 1973, a writ of mandamus was issued directing the County Judge to canvass the votes of the election held on September 4, 1971. In obedience to the writ of mandamus the County Judge did canvass the votes of the election held on

September 4, 1971, and entered an order on September 10, 1973, declaring Corral City to be duly incorporated. Said order further declared "that the incorporation of said Town of Corral City is effective from and after the date of September 30, 1971."

The above order declaring Corral City to be duly incorporated effective from and after September 30, 1971, has not been directly attacked or otherwise contested prior to institution of this cause.

The validating act above referred to was enacted on May 23, 1973, and applied to cities and towns of 1,000 or less. Art. 974d–18, V.A.T.S.

In Perkins v. State, 367 S.W.2d 140 (Tex.Sup., 1963) the court wrote concerning the effect of the validating acts. The language of the validating act in Perkins was identical to the language contained in Art. 974d–18 which validated such incorporations or attempted incorporations.

In the Perkins case the court set forth certain requirements which must be met for validation. We are of the opinion and hold that Corral City has complied with all of the requirements set out in Perkins and that pursuant to the order of the County Judge of Denton County, the incorporation of the Town of Corral City was effective from and after September 30, 1971.

We sustain the appellant's point of error attacking the action of the court in granting the motion for summary judgment and in doing so we find and hold that Article 666–40b of the Texas Penal Code Ann. has no application to the facts of this case.

■ We sustain the point on still another ground.

In Harrison v. Jay, 153 Tex. 460, 271 S.W.2d 388 (1954) the Supreme Court of Texas cited with approval the case of Warren v. Robinson, 32 S.W.2d 871 (San Antonio Civ.App., 1930, no writ hist.) and inserted in its opinion the following language from the Warren case:

" 'The legality of a political subdivision of a county cannot be assailed in an elec-

tion contest or any other collateral proceeding. Such attacks are amply provided for in proper proceedings. Allegations as to the bounds of the district or any attack upon the formation of the district were properly stricken from the petition. Trimmier v. Carlton (Tex.Civ.App.) 264 S.W. 253; Bassel v. Shanklin (Tex.Civ.App.) 183 S.W. 105. In Turner v. Allen (Tex. Civ.App.) 254 S.W. 630, 636, the court said: "In a contested election proceeding, only such matters as happen on the day of election and pertain strictly to the election may be inquired into or determined by the district court, and, under this rule of law, the action of the commissioners' court in changing the boundaries of commissioner's precinct No. 4, as they did, could not be inquired into or considered by the trial court." ' "

To the same effect see also Marks v. Jackson, 130 S.W.2d 925 (Galveston Civ. App., 1939, writ dism.); Roberts v. Hall, 167 S.W.2d 621 (Amarillo Civ.App., 1942, no writ hist.); Border v. Abell, 111 S.W. 2d 1186 (Fort Worth Civ.App., 1937, no writ hist.); McCall v. Lewis, 263 S.W. 325 (Austin Civ.App., 1924, no writ hist.), and Wiederkehr v. Luna, 297 S.W.2d 243 (Waco Civ.App., 1956, no writ hist.).

It is apparent from the authorities above cited and the holdings contained therein that the trial court exceeded the scope of its inquiry and considered matters which did not pertain to the election itself.

■ The burden of proof in an election contest rests upon the contestant. Moore v. Pittman, 280 S.W. 873 (El Paso Civ. App., 1926, no writ hist.); Guerra v. Ramirez, 364 S.W.2d 720 (San Antonio Civ. App., 1963, dism.); Brandon v. Quisenberry, 361 S.W.2d 616 (Amarillo Civ.App., 1962, no writ hist.).

■ In an election contest urging that election officials improperly rejected votes of certain voters the burden is on the contestant to prove qualifications of such voters. Paredes v. Martinez, 264 S.W.2d 958 (San Antonio Civ.App., 1954, no writ hist.).

See also Brandon v. Quisenberry, supra; Royalty v. Nicholson, 411 S.W.2d 565 (Houston Civ.App., 1967, ref., n. r. e.); Fox v. Nail, 294 S.W.2d 407 (El Paso Civ.App., 1956, no writ hist.).

■ In the case at bar the appellee did not meet the burden of proof imposed upon him by the authorities above cited. There was no evidence offered in this cause to support the appellee's pleadings filed to contest the election. Under the facts presented on this appeal the appellee is not entitled to judgment upon any theory.

Appellant's point of error No. II is sustained. We will refrain from a discussion of point of error No. III because, indirectly in our discussion of points I and II, we have covered the matters complained of therein, and having considered the point we are of the opinion that it, too, should be sustained.

We reverse the judgment of the trial court for the reasons stated and remand the cause to the trial court with instructions to reinstate the appellant as an intervenor and to try the local option election contest on its merits.