Charles L. **HOFFMAN** and Merily J. **Hoffman**, his wife, Appellants,

v.

**FRANKLIN COUNTY MERCANTILE BANK**, and Bruce A. Smith and Harry L. Wilson, Respondents.

No. 46751.

Missouri Court of Appeals, Eastern District, Division Six.

Feb. 14, 1984.

Fred Roth, St. Louis, for appellants.

James W. Erwin, St. Louis, for defendants Franklin County Bank and Bruce A. Smith.

Walter A. Murray, Jr., Union, for defendant Wilson.

Before REINHARD, P.J., and CLARK and MOORE, Special Judges.

DONALD B. CLARK, Special Judge.

Appellants, husband and wife, claimed actual and punitive damages from respondents, Franklin County Mercantile Bank and Bruce A. Smith, and from a third defendant, Harry L. Wilson. The claim was based on the exposure of appellants to personal liability as a consequence of a failed business venture. The trial court dismissed the case for failure to state a cause of action and this appeal followed.

Initially, the reader will require some identification of the parties and their participation in the events giving rise to this litigation which has deteriorated into confusion. Notwithstanding the contention of appellants that factual issues persist, the following details are established by uncontroverted pleadings, affidavits and exhibits.

In 1977, appellant Charles Hoffman and others established Meramec Sports Center, Inc. to engage in the business of selling

recreational vehicles. Respondent Smith, an attorney, was retained and handled the legal work of organizing the corporation. Funds for the venture were loaned to the corporation by respondent Franklin County Mercantile Bank and underwritten by the Small Business Administration. Hoffman and his wife personally subscribed to repayment of the loan and additionally executed a second deed of trust on their residence as collateral.

Meramec Sports Center conducted business for approximately one year, apparently under the management of Hoffman and Harry L. Wilson, another of the parties to this suit. The debt of Meramec continued to mount as respondent bank made additional advances and Hoffman became concerned. He notified Wilson and others in the business that he intended to withdraw. On February 15, 1979, a meeting of the directors of Meramec was held and Wilson was elected president of the corporation replacing Hoffman. Meramec continued in business thereafter until June 1, 1979 when the bank declared its loans to be in default and seized the Meramec assets.

When respondent Smith rendered services in the incorporation of Meramec, he was in private law practice. Among his clients at the time was respondent bank. On August 1, 1979, Smith left private practice and accepted employment by the bank as trust officer and general counsel.

Appellants' suit against the bank is grounded upon two asserted causes. In the first, appellants claim damages suffered when the bank negligently extended credit to Meramec on loans guaranteed by appellants at a time when the bank knew or should have known Meramec was insolvent. The second claim is based on a breach by the bank of its agreement to release the second deed of trust given on appellants' residence. As to respondent Smith, appellants claim he is liable to them for his negligence in failing to discharge his duties as attorney and in unethically representing conflicting interests in the loan transactions between the bank and Meramec.

Resolution of this appeal has presented a formidable task for several reasons. Appellants have failed to supply this court with an adequate record, their brief misstates some portions of the record supplied and the points on appeal do not comply with Rule 84.04(d) because the points do not set out wherein and why it is contended the trial court erred in dismissing the petition. Respondents, however, have filed no motion for relief on account of these deficiencies and we have therefore undertaken to address the merits of the case as best that result can be accomplished under the handicap of the presentation.

Before considering the points on appeal the procedural history of the case must be recited. In doing so, some assumptions are indulged necessitated by the lack of a complete record. This deficiency is, no doubt, attributable to appellants' erroneous approach to the case as merely a suit for damages. In fact, appellants' claims are interrelated with and, by the court's order of consolidation, integrated into a suit commenced much earlier by Borg Warner Acceptance Corporation and Meramec State Bank against respondent, Franklin County Mercantile Bank and Meramec Sports Center.

Despite the order of consolidation the record supplied on this appeal contains none of the pleadings in the Borg Warner case, with the sole exception of the cross-claim and third party claim filed there by respondent bank. Indeed, were it not for a supplemental legal file furnished by respondents, this record would have furthered the assumption, indulged by appellants, that they pursue an independent action in negligence for damages. The significance of this distinction in the analysis of the case will become apparent.

Drawing upon the cross-claim and third party claim as the basis for information, it appears the Borg Warner suit over Meramec Sports Center obligations was commenced in mid-1979. Franklin County Bank filed its cross-claim and third party claim September 18, 1979. The cross-claim sought judgment over against Meramec

Sports Center for its own debts. The third party claims asked relief against appellants and the other third party defendants as personal guarantors of the Meramec Sports Center indebtedness incurred through loans made by the bank.

There is no question but that the loans upon which appellants predicate their cause of action in damages are the same loans respondent bank asserted in its third party petition to be the obligations of appellants as guarantors. If appellants had any basis to contend respondent bank had acted improperly in extending credit to Meramec Sports Center, such a claim would constitute an affirmative defense to the third party suit and not a ground for this independent action filed more than one year after the Borg Warner case was apparently at issue.

The difficulty with the inadequate record here is illustrated by our inability to ascertain whether appellants did in fact interpose the affirmative defense to the third party suit. Of course, if they did so, the present petition would be duplicitous to the extent of the claim that appellants' guarantor liability had been negligently exposed. Moreover, appellants' separate claim for damages on that count is at best premature because they have not yet suffered monetary loss by payment of Meramec debts under the guaranty in question.[1]

An additional handicap to consideration of this appeal is the absence from the record of the document or documents under which appellants guaranteed to the bank the repayment of Meramec debts. Without that record, this court can only indulge the same assumptions as the parties evidence by their briefs, that is, appellants executed a personal obligation for future advances made by the bank to Meramec Sports Center, the continuing guaranty was revocable at any time upon notice

by the guarantors, but no notice of revocation was given.

The question of duplicity between the pending third party suit by the respondent bank as plaintiff and the separate suit commenced by appellants was addressed by the court in an order made July 23, 1982. The trial court there ordered appellants' suit consolidated with the Borg Warner case. The motion upon which the order was based asked, and the order presumably directed, that the cause be treated as a counterclaim against respondent bank. While appellants' claim that the bank breached its agreement to release the deed of trust would constitute a counterclaim, the remaining allegations against the bank do not amount to a counterclaim but rather state affirmative defenses to the bank's third party suit. Moreover, the separate counts against respondent Smith state separate issues related to the affairs of Meramec Sports Center but introduce Smith as a new party to the litigation.

As will hereafter appear, this opinion concludes that appellants have stated no cause against respondent bank for breach of contract and no cause against respondent Smith on any sustainable theory. It is therefore unnecessary to deal with the question of how the order of consolidation should be recast. It is sufficient for this opinion to state that appellants' petition was properly dismissed, but that appellants retain any defenses heretofore or hereafter properly pleaded in their answer to the third party petition of respondent bank.

## I.

The points on appeal will be treated in the same order first outlined in this opinion, distinguished by the identity of the causes asserted. These are the claim the bank improperly extended credit to Meramec; the claim the bank breached its agreement to release the deed of trust and

1. The record supplied and the inference drawn from the briefs suggest appellants do not question their liability under the original SBA loan made when Charles Hoffman was an incorporator and president of the debtor corporation. The deed of trust later foreclosed was given as security for that debt and thus any damage sustained in that transaction is not attributable to appellants' claim that respondent bank violated sound business practice in later loans to Meramec Sports Center.

the claim of negligence and malpractice against Smith.

◼ The judgment appealed is the order of the trial court sustaining respondents' motions to dismiss or for summary judgment. No findings were made and the order did not indicate which of the alternative motions was granted. The order was designated final for purposes of appeal under Rule 81.06. We treat the disposition, however, as summary judgment because affidavits supporting and opposing the motion were supplied. Rule 55.27(b). Rule 74.04. Facts set out in affidavits not controverted by opposing affidavits are deemed admitted, even if contrary to pleading allegations. *Cherry v. City of Hayti Heights*, 563 S.W.2d 72, 75 (Mo. banc 1978). Otherwise, facts are considered in the light most favorable to appellants according them the benefit of any doubt. *Union Electric Co. v. Clayton Center, Ltd.*, 634 S.W.2d 261, 262 (Mo.App.1982).

◼ Appellants' cause against respondent bank arising out of the guaranty contends that after appellant Hoffman severed his connection with Meramec, Wilson incurred debts for Meramec by advances from respondent bank. The petition asserts that the bank was imprudent in extending this credit, which invoked appellants' guaranty, and that the bank should not have extended credit to Meramec when the corporation was insolvent. Somewhat liberally construed, the cause of action is based on the theory that the creditor owes a duty to guarantors not to loan funds to the debtor if the ability of the debtor to repay is impaired.

The statement of the point on appeal related to this issue does no more than recap the petition allegation and assert a cause of action to be thereby stated entitling appellants to actual and punitive damages. No supporting authority approving such a cause of action is cited.

◼ The defect in appellants' approach to the case results from a failure to recognize the nature of the loan guaranty at issue. As the court pointed out in the opinion analyzing the subject in *Mercantile Trust Co. v. Carp*, 648 S.W.2d 920, 923 (Mo.App.1983), a continuing guaranty for future advances to be made to the debtor is a divisible offer for a series of separate unilateral contracts. Each loan is an acceptance of the divisible offer, the consideration being the loan itself. It is not necessary in a contract of guaranty that the guarantor receive any consideration. The benefit to the third party or the detriment to the creditor is sufficient consideration to render the guarantor obligated. *Don L. Tullis & Associates, Inc. v. Gover*, 577 S.W.2d 891, 896 (Mo.App.1979).

On the facts advanced by appellants, Hoffman terminated his relationship with Meramec, but left outstanding his guaranty which could have been revoked by a notice to the bank. Thereafter, and apparently from time to time, the bank accepted the offer of guaranty by making loans to Meramec. Appellants' present position seeks to inject into a contract relation a tort concept of negligence which is out of place. The bank was under no obligation to appellants when it accepted their continuing guaranty offer except to supply the consideration of the loan to the debtor. It is of no moment that appellants were ignorant of the affairs of Meramec or of the loans themselves because no notice of acceptance to the guarantor is required. *Don L. Tullis & Associates, Inc. v. Gover*, *supra* at 898.

In sum, appellants were the architects of their own misfortune when they failed to take elementary steps to protect their own financial well being. So long as the guaranty remained outstanding, respondent bank was entitled to accept the offer and continue to make funds available to Meramec. In so doing, and absent any issue of fraud, which appellants expressly disavow, respondent bank incurred no liability to appellants which could form a basis for the cause of action in damages here asserted.

The trial court was correct in entering summary judgment for respondent bank on this phase of the case. Unfortunately, because of the manner in which this appeal

has been presented, no view can be expressed on the issues made up between appellants and respondent bank on the third party petition of the latter. The most which can be said is that this opinion is without prejudice to any defenses appellants may be able to present consistent, of course, with the views of the guaranty obligation here expressed.

## II.

■ As to the second prong of appellants' claims against respondent bank related to the foreclosure of the deed of trust on their residence, the issue is more readily settled. In their amended petition, appellants allege that they gave the deed of trust August 25, 1977 as security for the SBA loan to Meramec, that respondent bank agreed to renegotiate the loan within two years and release the deed of trust, but refused to do so. This, they say, states a cause of action for breach of contract.

It is first of all to be noted that the failure of Meramec as a business occurred on or before June 1, 1979 on which date respondent bank seized the Meramec assets and declared the loans, including that secured by the deed of trust, to be in default. This was well within the two year renegotiation period. It could scarcely be argued that respondent bank breached its agreement by refusing to renegotiate a defaulted loan with the objective of releasing encumbered collateral.

Assuming, however, that the purported agreement survived the demise of Meramec, the agreement is nonetheless not actionable and appellants' petition states no cause of action. As Judge Dowd summarized the proposition in *McHenry v. Claspill*, 545 S.W.2d 690, 693 (Mo.App.1976), it is a fundamental principle of contract law that for an agreement to be binding, it must be sufficiently definite to enable the court to determine its exact meaning and to definitely measure the extent of the promisor's liability. The agreement appellants advance provides no indication of what terms would prevail on renegotiation, whether substitute collateral was contemplated and what status of the loan would precede renegotiation. The asserted agreement is nothing more than an undertaking to enter into later negotiations and as such, does not constitute an enforceable contract, *Dobbins v. City Bond & Mortgage Co.*, 343 Mo. 1001, 124 S.W.2d 1111 (1938). The trial court was correct in sustaining respondent's motion as to this aspect of the case.

## III.

■ The third segment of appellants' claims is set out in two counts of the petition naming respondent Smith and seeking actual and punitive damages. The brief on this appeal summarizes the basis for the claims to be the representation of appellants by Smith as their attorney, his negligence in the performance of services and his misconduct in concurrently representing the conflicting interests of Franklin County Bank. Appellants claim they suffered damages, first because Smith did not procure a release of the deed of trust given to secure the SBA loan and second because Smith did nothing to protect appellants' interests when the bank was making imprudent loans to Meramec Sports Center.

By Smith's uncontroverted affidavit, it is established that appellants did not employ him for any services except to represent the corporation, Meramec Sports Center and then, only on an occasional basis. Moreover, and contrary to appellants' statement in their brief, even their petition does not allege as a fact that Smith was employed or rendered any services personally to appellants. The petition does allege that Smith was engaged to prepare documentation of appellant Charles Hoffman's separation from Meramec Sports Center and that he never prepared such records. How this omission contributed to appellants' damages is not described. A copy of a notice of a special meeting of Meramec directors held to consider Hoffman's resignation and Smith's affidavit that he prepared the minutes and other corporate records associated with Hoffman's separation from the company seem to refute the allegation outright and without contest by appellants.

The origin of appellants' misconceived claims against Smith appears to be their reliance on the agreement among Meramec shareholders, as alleged in their petition, that appellants were to be released from previously contracted liability for Meramec debts. There is no allegation that the bank was ever a party to the agreement, and how the failure of Smith to secure a release of the deed of trust constituted negligence, even if he were to have been attorney for appellants, is impossible to fathom, particularly because the failing condition of Meramec was the reason appellants sought exoneration.

Appellants gave no affidavits themselves as to the employment of Smith as their attorney or the payment to him of any fees. That fact of attorney-client relationship is an indispensible element of all claims against Smith. The dismissal of the case against Smith is warranted because appellants' petition does not include a sufficient allegation of the fact and the contrary is shown by Smith's unchallenged affidavit that he represented only the corporation and not appellants as individuals.

The claim against Smith that he concurrently represented conflicting interests in the financial affairs of Meramec is equally groundless. Appellants have alleged no facts setting out any instances where Smith acted as attorney for respondent bank and either Meramec Sports Center or appellants in the same transaction. Appellants mistakenly assert that Smith was generally involved in loans to Meramec after January 1, 1979 while serving as trust officer for the bank. The affidavits establish that Smith did not become the bank trust officer until more than two months after Meramec ceased doing business. There simply is no factual basis for this portion of appellants' claims, their petition states no actionable cause and the affidavits demonstrate no viable ground or justiciable controversy upon which Smith should have been or is now a proper party to this litigation. The trial court correctly ruled the motion for dismissal as to respondent Smith.

For the reasons stated, the judgment of the trial court is affirmed, without prejudice to affirmative defenses, if any, which appellants may plead in answer to the third party petition of respondent Franklin County Mercantile Bank in the consolidated case.

All concur.